(50 App. Div. 446.)

### FISHER v. BROOKLYN JOCKEY CLUB et al.

(Supreme Court, Appellate Division, Second Department.   April 14, 1900.)

MASTER AND SERVANT—INJURIES TO THIRD PERSON—SERVANT'S NEGLIGENCE—
SCOPE OF EMPLOYMENT—COMPLAINT—SUFFICIENCY.

> A complaint for injuries, against a corporation, on account of the care-
> lessness of its employé in striking a box containing weights controlling.
> cables by which a gate was raised and lowered, thereby causing the gate
> to rise and crush plaintiff's thumb in the mechanism, which alleges that
> it was the duty of such employé to keep the gate in repair, but fails to
> allege that the act complained of was done in an endeavor to repair the
> gate, or that it would have such effect, or that it was done in the service
> of the defendant, is defective, and was properly dismissed by the trial
> court.

Appeal from trial term, Kings county.

Action by John A. Fisher against the Brooklyn Jockey Club, im-
pleaded with Lawrence Van Siclen, for injuries.   From a judgment
directing a dismissal of plaintiff's complaint as to the Brooklyn
Jockey Club, he appeals.   Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH,
WOODWARD, and HIRSCHBERG, JJ.

Arnold Charles Weil, for appellant.

William M. Benedict, for respondent.

WILLARD BARTLETT, J.   Upon the trial of this action, after
the case had been opened by counsel for the plaintiff, the learned
trial judge remarked that he did not perceive any cause of action,.
and thereupon dismissed the complaint upon the pleadings and the
opening.   This dismissal was in favor of both defendants.   The
plaintiff subsequently moved for a new trial on the minutes, and.
the application was granted as against the defendant Lawrence Van
Siclen, but was denied as against the Brooklyn Jockey Club.   In
disposing of the motion the learned trial judge expressed the opinion
that, although a cause of action was set out against the individual
defendant, none was alleged against the defendant corporation.   We
concur in this view.   The case comes up like Sheridan v. Jackson,.
72 N. Y. 170, where, after the opening, the court dismissed the com-
plaint on the ground that it did not state facts sufficient to consti-
tute a cause of action; and the plaintiff, without asking for leave
to amend, excepted to the decision and appealed, insisting that his
complaint was sufficient.   Under these circumstances, the only ques-
tion for us to consider is whether the complaint states a cause of
action against the Brooklyn Jockey Club.   The purpose of the ac-
tion is to recover damages for personal injuries sustained by the
plaintiff while employed as a detective, by the Pinkerton National
Detective Agency, on the race track managed by the Brooklyn Jockey
Club at Gravesend, in the borough of Brooklyn.   The complaint al-
leges that at the time he was hurt the plaintiff was stationed at
the main gate of the track, in pursuance of an agreement between
the Pinkerton National Detective Agency and the Brooklyn Jockey
Club, whereby the agency agreed to place officers upon the track
to maintain order and prevent the commission of crimes.   This gate

was hung on cables controlled by weights in a box. It is further alleged that in pursuance of the contract the plaintiff had been directed by his employers, and it was his duty, to raise the gate on the afternoon of each day; that on September 19, 1898, the gate was out of order, one of the cables upon which it was hung having slipped from the wheel on which such cable moved; that the plaintiff carefully mounted upon the gate and grasped the cable for the purpose of replacing the same upon the wheel, "when the defendant Lawrence Van Siclen carelessly and negligently, and without giving any warning to this plaintiff, struck the box containing the said weights, which action caused the said gate to rise suddenly, and caused the plaintiff's thumb to be caught between the said cable and wheel"; and that "solely by reason of the defendant's negligence as aforesaid, and without fault or negligence on the plaintiff's part, the thumb of plaintiff's right hand was cut off at the joint, and was further badly crushed and injured and wounded." In the contents of the complaint, so far as they have been stated, there is nothing to show any liability on the part of the Brooklyn Jockey Club for the acts of the defendant Van Siclen. The relations between him and the corporation are stated in the second and third numbered paragraphs of the complaint as follows:

"That at all the times hereinafter mentioned the defendant Lawrence Van Siclen was a carpenter in the employ of the Brooklyn Jockey Club; that, as such carpenter, it was the duty of the said defendant Lawrence Van Siclen to maintain in repair and good order the main gate upon the race track hereinafter mentioned, and to repair the same whenever necessary."

In order to charge a master with the negligence of his servant, it is necessary to prove that the servant's negligent acts were done in the prosecution of the business which the servant was employed to do. No principle in the law of negligence is better settled than this. Cosgrove v. Ogden, 49 N. Y. 255; Meehan v. Morewood, 52 Hun, 566, 5 N. Y. Supp. 88, affirmed on opinion below in 126 N. Y. 667, 27 N. E. 854. A plaintiff who seeks to recover damages from a master on account of personal injuries inflicted by a servant in the course of his employment may often properly in his complaint charge the master with the negligence which he deems to be actionable, without making any express mention of the servant by whose act the injury was inflicted. Where, however, as in the case at bar, the plaintiff sets out in his complaint facts which show that the injury of which he complains was actually inflicted by one of the defendants, who was at the time in the service of the other, and seeks to charge the other only by reason of the relation of master and servant existing between them, it is essential that he should allege, expressly or by fair implication, that the servant's acts were within the scope of his employment. The complaint under review is plainly defective in this respect. While it alleges that, as a carpenter in the employ of the Brooklyn Jockey Club, it was the duty of the defendant Van Siclen to maintain the gate in repair and good order, and repair the same whenever necessary, it omits to allege that when Van Siclen struck the box containing the weights, and caused the gate to rise suddenly, catching the plaintiff's thumb, he did

this for the purpose of repairing the gate or keeping it in good order. There is nothing to indicate that the act of striking the box as alleged would have any effect to improve the condition of the gate or put it in order, nor is the act alleged to have been done in the service of the Brooklyn Jockey Club. If the plaintiff had applied for leave to amend, he might very well have been permitted to do so upon proper terms, but the court below was clearly right in holding that he was not entitled to maintain the action against the Brooklyn Jockey Club upon the complaint as it stood. The judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.