MARY FOGARTY, Respondent, *v.* JOHN WANAMAKER, Appellant.

*Master and servant — measure of the former's liability for an arrest by the latter of a customer in the master's store — sufficiency of a complaint therefor.*

While a master is not responsible for the willful wrong of his servant, not done with a view to the master's service or for the purpose of executing his orders, yet if the master puts the servant in a place of trust or responsibility, or commits to him the management of his business or the care of his property, he is responsible when the servant, through lack of judgment or discretion, or from infirmity of temper, or under the influence of passion aroused by the circumstances and the occasion, goes beyond the strict line of his duty or authority and inflicts an unjustifiable injury on another.

The complaint in an action alleged that the plaintiff purchased an umbrella in the defendant's store on a certain day, and that on the same day, while she was legally and lawfully in said store, one of the agents or servants of said defendant illegally and unlawfully arrested her on a charge of having stolen the said umbrella, brought her to the office of the defendant's superintendent, who illegally and unlawfully restrained, retained and imprisoned her for the space of two hours and prevented her from leaving said establishment.

*Held,* that the complaint stated a cause of action;

That the allegation that the imprisonment was effected by the agent or servant of the defendant was broad enough to permit proof of the actual relations existing between the parties, and as to whether such agent or servant was acting within the scope of his employment.

The rules applicable to the construction of a complaint, upon the hearing of a demurrer interposed upon the ground that it does not state facts sufficient to constitute a cause of action, stated.

APPEAL by the defendant, John Wanamaker, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 12th day of October, 1900, upon the decision of the court rendered after a trial at the Kings County Special Term overruling a demurrer to the complaint.

*William Erdman,* for the appellant.

*Joseph T. Griffin,* for the respondent.

WOODWARD, J.:

This action is brought to recover damages for alleged false imprisonment, and the demurrer is interposed upon the ground that the complaint does not state facts sufficient to constitute a cause of action. The issue of law was determined at Special Term adversely to the defendant and is brought to this court on appeal.

The rule is well settled that a demurrer, upon the ground that the complaint does not state facts sufficient to constitute a cause of action, cannot be sustained unless it appears, admitting all of the facts alleged, that no cause of action whatever is stated. The demurrer cannot be sustained simply by showing that facts are imperfectly or informally averred, or that the pleading lacks definiteness and precision, or that material facts are only argumentatively averred. The pleading may be deficient in technical language or in logical statement, but, as against a demurrer, or a motion to dismiss the complaint before the taking of proof, the pleading will be deemed to allege whatever may be implied from its statements by fair and reasonable intendment. (*Kain* v. *Larkin,* 141 N. Y. 144, 150, and authorities there cited.)

The complaint in this action, aside from the formal averments, states that on December 19, 1899, the plaintiff went into the store of the defendant for the purpose of making purchases therein; that while she was in said store she purchased and paid for a certain umbrella the sum of one dollar, and that said umbrella was delivered to her; that on the same day, while the plaintiff

was legally and lawfully in said store of defendant, situated in the borough of Manhattan, city of New York, as aforesaid, one of the agents or servants of said defendant illegally and unlawfully arrested this plaintiff, charging her with stealing the said umbrella, brought her to the office of the superintendent of said defendant, who illegally and unlawfully restrained, detained and imprisoned her for the space of two hours, prevented her from leaving said establishment, and refused to permit or allow her to depart therefrom. The objection raised to this pleading on the part of the appellant is that it does not aver that the illegal arrest was made by the agent or servant of the defendant while engaged in his business, or within the scope of his employment. Reliance is placed on the case of *Mali* v. *Lord* (39 N. Y. 381), a case very similar in its facts to the one at bar, but we are of opinion that under the liberal rules of pleading now in use this case is not an authority for sustaining a demurrer to the complaint in this action. In the case cited the question did not come up on demurrer, but upon appeal from a judgment in favor of the plaintiff, and the decision was based upon the fact that " the plaintiff having, at the time of resting, given no evidence connecting the defendants with the clerk and superintendent, except their employment by the former, the motion of defendants for a dismissal of the complaint should have been granted." It was also said that " the master would not, if present, be justified in arresting, detaining and searching a person upon suspicion, however strong, of having stolen his goods, and secreted them upon his person. The authority of the defendants to the superintendent could not, therefore, be implied from his employment." The question decided then was not that there was any defect in the pleadings, but that the plaintiff had failed to show a condition of facts from which the inference could be drawn that the defendants had authorized the conduct of the clerk and superintendent in detaining and searching the plaintiff. The rule is laid down in *Mott* v. *Consumers' Ice Co.* (73 N. Y. 543, 550) that when the defense is that the wrongful act was not within the general scope of the servant's employment, and so, not within the express or implied authorization of the master, it is for the court to pass upon the competency of the evidence and for the jury to give effect to it. This action is brought against the proprietor of the store ; he is charged with false imprisonment, through the conduct of his

agent or servant, while acting in the employ of the defendant. The alleged false imprisonment took place in the store of the defendant while the plaintiff was lawfully present; it had the sanction of the defendant's superintendent, who took part in the transaction, and it is a subject for inquiry on the part of the court at the trial of the action how far the defendant was responsible for such conduct. The trend of authority is in the direction of holding the master to a higher degree of responsibility for the conduct of servants toward third persons while such servants are in the apparent discharge of the duties imposed by their employment. In some cases, where the existence of an authority in the servant to do a particular act is in controversy, and the authority is sought to be established by inferences and implications, it may be a material circumstance bearing upon the non-existence of the authority sought to be implied that the act was one which the master could not do himself without a violation of law. But this fact would not be decisive (*Hoffman* v. *N. Y. C. & H. R. R. R. Co.,* 87 N. Y. 25, 31), and the question is one of proof rather than of pleading where the complaint shows a condition of facts which opens the way to the admission of evidence. In the complaint now before the court it is alleged that the imprisonment was effected by the agent or servant of the defendant, and we are of opinion that the allegation is broad enough to admit of proof as to the actual relations existing between the parties, and to determine from the evidence whether the agent or servant was acting for the defendant in detaining and searching the plaintiff in the defendant's store. The better rule appears to be that while the master is not responsible for the willful wrong of the servant, not done with a view to the master's service or for the purpose of executing his orders, if the servant is authorized to use force against another, when necessary, in executing his master's orders, and if, while executing such orders, through misconduct or violence of temper, the servant uses more force than is necessary, the master is liable. So if the master puts the servant in a place of trust or responsibility or commits to him the management of his business or the care of his property, he is justly held responsible when the servant, through lack of judgment or discretion or from infirmity of temper, or under the influence of passion aroused by the circumstances and the occasion, goes beyond the strict line of his duty

or authority and inflicts an unjustifiable injury upon another. (*Cohen* v. *D. D., E. B. & B. R. R. Co.*, 69 N. Y. 170, 173, and authority there cited; *Hoffman* v. *N. Y. C. & H. R. R. R. Co., supra,* and authorities cited; *Lynch* v. *Metropolitan Elevated R. Co.*, 90 N. Y. 77, 86; *Ochsenbein* v. *Shapley*, 85 id. 214, 220; *Palmeri* v. *Manhattan R. Co.*, 133 id. 261, 266.)

We are clearly of opinion that, under the rule quoted above, the complaint does state facts sufficient to constitute a cause of action; that the allegation of false imprisonment, through the conduct of the defendant's agent or servant, is good if the plaintiff, on the trial, is able to establish that the person or persons so detaining and imprisoning her were, in fact, the agents or servants of the defendant in the particular transaction, and upon this point the rule is laid down in the leading case of *Rounds* v. *Del., Lack. & W. R. R. Co.* (64 N.Y. 129, 137) that " if the master, when sued for an injury resulting from the tortious act of his servant while apparently engaged in executing his orders, claims exemption upon the ground that the servant was, in fact, pursuing his own purposes, without reference to his master's business, and was acting maliciously and willfully, it must, ordinarily, be left to the jury to determine this issue upon a consideration of all the facts and circumstances proved."

We find no inconsistency with this doctrine, either in the case of *Penny* v. *N. Y. C. & H. R. R. R. Co.* (34 App. Div. 10), or in *Fisher* v. *Brooklyn Jockey Club* (50 id. 446), but on the contrary, in so far as they have any analogy to the present case, they are in harmony with the result which we have reached and which demands an affirmance of the interlocutory judgment.

The interlocutory judgment appealed from should be affirmed, with costs.

All concurred.

Interlocutory judgment affirmed, with costs.