### GREENE v. NEW YORK, O. & W. RY. CO.

(Supreme Court, Appellate Division, Second Department. March 3, 1905.)

1. RAILROADS—PERSONAL INJURIES—WRONGFUL AND WILLFUL ACT OF SERVANT—LIABILITY.

A railroad company is liable for injuries caused by the wrongful and willful act of its servant in charge of a locomotive in permitting it to run down on a person without warning, where the servant is at the time acting within the general scope of his authority.

[Ed. Note.—For cases in point, see vol. 41, Cent. Dig. Railroads, §§ 1326, 1330; vol. 34, Cent. Dig. Master and Servant, §§ 1230–1232.]

2. SAME—QUESTION OF FACT.

Whether a servant is acting within the general scope of his authority at the time of the commission by him of a wrongful and willful act is a question of fact.

Appeal from Special Term, Rockland County.

Action by Frank A. Greene, administrator of the estate of Garret G. Greene, deceased, against the New York, Ontario & Western Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BARTLETT, JENKS, HOOKER, RICH, and MILLER, JJ.

Thomas Watts, for appellant.
William McCauley, for respondent.

RICH, J.   This is an appeal from an interlocutory judgment overruling defendant's demurrer to a complaint which alleges, among other things:

"That on or about the 11th day of August, 1903, as plaintiff is also informed and verily believes, while one Garret G. Greene, who was a son of this plaintiff, and of the age of nine years, was walking in a southerly direction upon that portion of the New York, West Shore & Buffalo Railroad over and upon which the defendant ran and operated its engines and cars, as aforesaid, at a point about nine hundred feet southerly of the station at Tompkins Cove, in the town of Stony Point, in the county of Rockland, where for a distance of many hundred feet in either direction the track of said railroad is constructed in about a straight line, and is free from curves, grades, or obstructions of any character which would conceal the view of any portion thereof, the said Garret G. Greene being wholly ignorant of the approach of a train, the defendant's servant or servants in charge of one of its engines or locomotives attached to and hauling a train of its cars, on the south-bound track of said railroad, en route from Cornwall to Weehawken, aforesaid, wrongfully and willfully, and with a reckless disregard for the safety of the said Garret G. Greene, and knowing him to be upon said track and wholly ignorant of the approach of said engine and train of cars, ran its said engine and cars into, upon, and against the said Garret G. Greene from behind him, without sounding any warning signal by whistle or bell or otherwise, by means whereof he might be informed of the approach of said train in time to escape injury therefrom, and so injured, wounded, and bruised him that within a few minutes thereafter he died from such injuries, wounds, and bruises, and that his death was caused wholly by reason of the aforesaid wrongful and negligent acts of the defendant's said servants or employés."

However improbable and unreasonable the facts stated may seem, nevertheless, so far as this appeal is concerned, they must be regarded as true.   The servant in charge of this locomotive was placed in the responsible position he occupied by the defendant; and if, at the time he permitted it to run down upon the plaintiff's intestate without warning of any kind he was acting within the general scope of his authority, the defendant would be liable for the damages occasioned in consequence of his wrongful and willful act.   We cannot decide here whether he was in fact acting within the general scope of his authority.   That question must be left to the jury to determine.   Rounds v. Del., Lack. & West. R. R. Co., 64 N. Y. 129, 21 Am. Rep. 597; Fogarty v. Wanamaker, 60 App. Div. 433, 69 N. Y. Supp. 883.

I think the complaint states sufficient facts to constitute a cause of action, and the judgment ought therefore to be affirmed, with costs. All concur.