FRANK A. GREENE, as Administrator, etc., of GARRET G. GREENE, Deceased, Respondent, *v.* THE NEW YORK, ONTARIO AND WESTERN RAILWAY COMPANY, Appellant.

*Negligence — an allegation that a railroad company willfully ran over a pedestrian walking, without knowledge of its approaching train, on its tracks, states a cause of action.*

The complaint in an action brought against a railroad company to recover damages resulting from the death of the plaintiff's intestate alleged that while the intestate, Garret G. Greene, a lad aged nine years, was walking, in ignorance of the approach of a train, along the defendant's railroad track at a point where such track was for a long distance practically straight and free from curves, grades or obstructions of any character which would conceal the view of any portion thereof, the defendant's servants, in charge of one of its trains, "wrongfully and wilfully, and with a reckless disregard for the safety of the said Garret G. Greene, and knowing him to be upon said track and wholly ignorant of the approach of said engine and train of cars, ran its engine and cars into, upon and against the said Garret G. Greene, from behind him, without sounding any warning signal by whistle or bell, or otherwise, by means whereof he might be informed of the approach of said train in time to escape injury therefrom and so injured, wounded and bruised him that within a few minutes thereafter he died from such injuries, wounds and bruises, and that his death was caused wholly by reason of the aforesaid wrongful and negligent acts of the defendant's servants or employees."

*Held,* that a demurrer interposed by the defendant to such complaint was properly overruled;

That, for the purpose of the demurrer, it would be assumed that the defendant's servants were acting within the scope of their employment.

APPEAL by the defendant, The New York, Ontario and Western Railway Company, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rockland on the 21st day of April, 1904, upon the decision of the court, rendered after a trial at the Orange Special Term, overruling the defendant's demurrer to the plaintiff's complaint.

*Thomas Watts,* for the appellant.

*William McCauley,* for the respondent.

RICH, J. :

This is an appeal from an interlocutory judgment overruling defendant's demurrer to a complaint which alleges, among other things, " That on or about the eleventh day of August, 1903, as plaintiff is also informed and verily believes, while one Garret G. Greene, who was a son of this plaintiff and of the age of nine years, was walking in a southerly direction upon that portion of the New York, West Shore & Buffalo Railroad, over and upon which the defendant ran and operated its engines and cars, as aforesaid, at a point about nine hundred feet southerly of the station at Tompkins Cove, in the Town of Stony Point, in the County of Rockland, where for a distance of many hundred feet in either direction the track of said railroad is constructed in about a straight line, and is free from curves, grades or obstructions of any character which would conceal the view of any portion thereof, the said Garret G. Greene, being wholly ignorant of the approach of a train, the defendant's servant or servants in charge of one of its engines or locomotives attached to and hauling a train of its cars on the south-bound track of said railroad, *en route* from Cornwall to Weehawken, aforesaid, wrongfully and wilfully, and with a reckless disregard for the safety of the said Garret G. Greene, and knowing him to be upon said track and wholly ignorant of the approach of said engine and train of cars, ran its engine and cars into, upon and against the said Garret G. Greene, from behind him, without sounding any warning signal by whistle or bell, or otherwise, by means whereof he might be informed of the approach of said train in time to escape injury therefrom and so injured, wounded and bruised him that within a few minutes thereafter he died from such injuries, wounds and bruises, and that his death was caused wholly by reason of the aforesaid wrongful and negligent acts of the defendant's servants or employees."

However improbable and unreasonable the facts stated may seem, nevertheless, so far as this appeal is concerned, they must be regarded as true. The servant in charge of this locomotive was placed in the responsible position he occupied by the defendant, and if at the time he permitted it to run down upon the plaintiff's intestate without warning of any kind, he was acting within the general scope of his authority, the defendant would be liable for the damages occa-

sioned in consequence of his wrongful and willful act. We cannot decide here whether he was in fact acting within the general scope of his authority; that question must be left to the jury to determine. (*Rounds* v. *Del., Lack. & West. R. R. Co.*, 64 N. Y. 129; *Fogarty* v. *Wanamaker*, 60 App. Div. 433.)

I think the complaint states sufficient facts to constitute a cause of action, and the judgment ought, therefore, to be affirmed, with costs.

BARTLETT, JENKS, HOOKER and MILLER, JJ., concurred.

Interlocutory judgment affirmed, with costs.