## WAGNER v. H. CLAUSEN & SON BREWING CO.

(Supreme Court, Appellate Division, First Department.   July 7, 1911.)

1. DEATH (§ 79*)—INSTRUCTIONS—NOMINAL DAMAGES.
   In an action for negligent death, it was improper to refuse to instruct that, though defendant was negligent, nominal damages only might be awarded if the next of kin sustain no actual money loss through the death.

   [Ed. Note.—For other cases, see Death, Cent. Dig. § 97;  Dec. Dig. § 79.*]

2. DEATH (§ 99*)—DAMAGES—EXCESSIVENESS.
   Three thousand dollars was excessive recovery for death of a man 72 years old who earned only $300 a year, and whose next of kin were all adults.

   [Ed. Note.—For other cases, see Death, Cent. Dig. §§ 125–130;  Dec. Dig. § 99.*]

3. EVIDENCE (§ 123*)—RES GESTÆ.
   In an action for negligent death in collision with defendant's wagon, testimony that, after the driver alighted, he stated that he drove as fast as he did in order to "make" a train, was not part of the res gestæ, and was inadmissible.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 351–368;  Dec. Dig. § 123.*]

Appeal from Trial Term, New York County.

Action by Mathilde F. Wagner, administratrix, against the H. Clausen & Son Brewing Company.   From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Amos H. Stephens (E. Clyde Sherwood, of counsel, and Joseph F. Murray, on the brief), for appellant.

Robert D. Ireland, for respondent.

CLARKE, J.   Plaintiff's intestate while crossing 135th street, going south, on the easterly side of Third avenue, in the borough of the Bronx, on November 26, 1907, was run down by a brewery wagon belonging to the defendant in charge of one of its drivers.   One of the front wheels of the wagon passed over decedent's left leg crushing it so severely that it had to be amputated.   He died on the 29th.

Questions of fact, both as to the negligence of the defendant and the want of contributory negligence of decedent, were presented by the evidence which required submission to the jury, and we would not set aside the verdict as against the evidence or the weight thereof. The jury returned a verdict for the plaintiff for $5,000 which was reduced to the trial justice to $3,000 upon the stipulation of the plaintiff consenting thereto.   The plaintiff's intestate was at the time of his death 72 years of age.   He left two daughters and a married son, all over 21 years of age.   He was not engaged in any business and was in receipt of a pension of $25 a month which ceased at his death.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] One of the questions raised upon this appeal is that the verdict was excessive. Section 1904 of the Code of Civil Procedure provides that:

"The damages awarded to the plaintiff may be such a sum as the jury * * * deems to be a fair and just compensation for the pecuniary injuries resulting from the decedent's death, to the person or persons for whose benefit the action is brought."

The learned trial court in the main charge properly instructed the jury as follows:

"In considering or in assessing the damages, if any, you are limited in making an award to the actual pecuniary loss which in your judgment the next of kin in this case, being the son and two daughters, of the decedent, have sustained in consequence of his death. You must not in awarding damages be governed by any sympathy for the next of kin or consider the mental anguish of the members of the family on account of the death. In actions for death like this, it is the fixed rule of law that, if the defendant company is answerable for the death, it is only liable for reasonable pecuniary compensation for what the person or persons, for whose benefit the action is brought, lost through the death of the deceased. Nothing must be awarded to the plaintiff by way of punishment or smart money against the defendant company. Only reasonable compensation for the actual pecuniary loss sustained is allowable. In other words, the damage must only be compensatory, and not punitive. The jury may take into consideration the age, character, condition in life, and earning capacity of the deceased at or about the time of his death, and also the age, sex, and condition of the next of kin for whose benefit the action is brought. In this case the proof shows that the deceased was 72 years old when he died, and that he was engaged in no vocation yielding pecuniary compensation at the time. It is in evidence that he was receiving a pension of $25 a month from the United States government as a veteran soldier, which ceased at his demise; that one daughter earned $18 a week and another daughter was afflicted with a tubercular ailment, remained home, and did not earn anything; and that another child was an adult son, who was married and living in the West. There is no proof as to whether either of the two daughters or the son are possessed of any property or not, nothing having been adduced to show their financial condition of affairs. Now, on this question of damages, gentlemen of the jury, you are the sole judges. Of course, you must not conjecture or speculate upon the amount. You must consider the facts, circumstances, and evidence in the case alone, and only award such pecuniary compensation which you believe these people lost because of the negligence of the defendant without any carelessness on the part of their deceased father. * * *

"Counsel for Defendant: I ask your honor to charge the jury that in order to find any damages at all against this defendant, or bring in any verdict in favor of the plaintiff in any sum whatsoever, there must be evidence from which they are satisfied that Theodore Wagner at the time of his death contributed money to the support of either one or more of the next of kin.

"The Court: I decline to charge in the particular words requested and except as charged on the question of damages.

"Counsel for Defendant: I take an exception to the refusal of the court to charge as requested. I ask your honor further to charge the jury that there is no evidence before them of any part of the pension money alleged to have been received by Theodore Wagner in his lifetime going to the support of one or more of the next of kin.

"The Court: I do charge that. There is no proof to that effect."

Whereupon counsel for the plaintiff, apparently not satisfied, said:

"I request your honor to charge the jury that they are not confined to giving nominal damages, but that they may take into consideration all the elements of damage proved and award such a sum as would in their judgment compensate the next of kin for the death of Mr. Wagner.

"The Court: Pecuniarily compensate them for the loss that they sustained by reason of the death of the deceased. With that qualification I charge it.

"Counsel for Defendant: I take an exception to that part of the charge which states in words or in substance that they are not permitted to award nominal damages.

"The Court: I did not say permitted. That they are not limited, not that they are not permitted. That they are not limited to awarding nominal damages only.

"Counsel for Defendant: In that connection I ask your honor to charge that if the jury in their opinion come to the conclusion from the evidence that the next of kin sustained no actual money loss by reason of the death of Theodore Wagner, and still find that the defendant's negligence brought about his death, that they may award nominal damages.

"The Court: I refuse to charge any further than I have charged."

We are of opinion that when the counsel for the plaintiff, not content with the main charge of the court as delivered, made his request in regard to "nominal damages," the counsel for the defendant was entitled to have charged the request refused by the court. It is evident that the jury did not pay the slightest attention to the rule of damages as laid down, and that the verdict for $5,000 was based, not upon the facts, but solely upon sympathy and prejudice. The trial court itself was of that opinion for it reduced the amount to $3,000.

[2] When it appears that the total amount of the income of the decedent, a man of 72 years of age, was $300 a year and that his children were all adults a recovery of $3,000 does not conform with the requirements and limitations of the statute, and is excessive, and the judgment must be reversed and a new trial ordered for that reason.

[3] As there must be a new trial, we call attention to an error in the admission of evidence. A witness was permitted to testify, over the objection that the testimony was incompetent, immaterial, and irrelevant, and not binding on the defendant, to a conversation with the driver of the beer wagon after the accident, after the wagon had stopped and after the driver had come down from his wagon. "Q. Now what did Mr. Clark say to you at that time? A. I said, 'What were you driving so fast for?' And he said, 'I got to make that train to get this beer on that train,' he said, 'or I will lose the train.' He had to make that shipment by 4 o'clock, he says, or he could not get his beer on." The defendant is a corporation. The driver was its servant. The conversation was after the event, historical in character, and formed no part of the res gestæ. "The negligence of the corporation cannot be established by the declaration of its servants made after the event." Burns v. Borden's Condensed Milk Co., 93 App. Div. 566, 87 N. Y. Supp. 883.

In Donnelly v. Younglove Lumber Co., 140 App. Div. 846, 125 N. Y. Supp. 689, the court said:

"It is well settled that the admissions of an agent or officer are not admissible except when made as part of the res gestæ or in the performance of his duties as agent or officer. First National Bank v. Ocean National Bank, 60 N. Y. 278, 19 Am. Rep. 181; National Bank of Rondout v. Burns, 84 App. Div. 100, 82 N. Y. Supp. 497. It is an old doctrine from which there has never

been a departure. Manhattan Life Ins. Co. v. Forty-Second and Grand Street Ferry R. R. Co., 139 N. Y. 146, 34 N. E. 776."

The judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.