CULLEN v. THOMAS et al.

(Supreme Court, Appellate Division, First Department. May 3, 1912.)

1. MASTER AND SERVANT (§§ 302, 329*)—LIABILITY OF MASTER—SCOPE OF SERVANT'S AUTHORITY.

　　Although plaintiff was injured by an automobile run by defendant's servant, defendant is not responsible for the negligence of the driver, unless plaintiff allege and prove that the driver was engaged upon his master's business, and acting within the scope of his employment.

　　[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1217–1221, 1225, 1229, 1268, 1269; Dec. Dig. §§ 302, 329.*]

2. MASTER AND SERVANT (§ 330*)—PRESUMPTIONS.

　　In an action by one injured by an automobile, where it is not shown that the machine belonged to defendant, no presumption of negligence is raised against him.

　　[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1270–1272; Dec. Dig. § 330.*]

Appeal from Trial Term, New York County.

Action by Matthew Cullen against Ralph Thomas and another. From a judgment for plaintiff and order denying his motion for a new trial, the named defendant appeals. Reversed and remanded.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

George F. Lewis, of New York City, for appellant.
Sydney A. Syme, of New York City, for respondent.

SCOTT, J. The action is for damages caused to plaintiff by being run over by an automobile. The evidence of plaintiff's freedom from contributory negligence is of the slightest, and, if there were no other question in the case, it would be difficult to sustain the judgment. There is, however, a much more serious question, and one which is decisive of this appeal. It is sought to hold the defendant liable because the person driving the automobile and whose negligence is said to have caused the injury was the servant of the defendant.

[1, 2] No proof was offered as to the ownership of the automobile, and the only proof of the relation between defendant and the driver was the admission, by failure to deny, of the allegation in the complaint that "plaintiff was struck and run over by an automobile oper-

---

ated by the agents and servants of the above-named defendants." It is manifest that this allegation is not sufficient to fasten responsibility upon defendant for the negligence of the driver, for there is no allegation, or proof, that the driver, although he may have been the defendant's servant, was engaged upon his master's business and acting within the scope of his employment, and some proof to this effect was necessary in order to charge the master with his servant's negligence. See Cunningham v. Castle, 127 App. Div. 580, 111 N. Y. Supp. 1057, and cases cited. There was not even proof that the automobile belonged to the defendant so as to raise a presumption of liability on his part. Stewart v. Baruch, 103 App. Div. 577, 93 N. Y. Supp. 161. There was, therefore, neither allegation nor proof of the necessary facts to charge the appellant with the negligence imputed to the driver of the automobile, and the complaint should have been dismissed, as the appellant repeatedly moved that it should be.

The judgment and order appealed from must be reversed and a new trial granted, with costs to appellant to abide the event. All concur.