### CULLEN v. THOMAS et al.

(Supreme Court, Appellate Division, First Department. December 6, 1912.)

MASTER AND SERVANT (§ 329*)—ACTIONS FOR SERVANT'S NEGLIGENCE—COMPLAINT—SUFFICIENCY.

    A complaint alleging that plaintiff was struck and run over by an automobile operated by defendants' agents and servants, but not alleging that the automobile belonged to defendants, or that the driver, at the time of the accident, was engaged in defendants' business and acting within the scope of his employment, was insufficient.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1268, 1269; Dec. Dig. § 329.*]

Appeal from Trial Term, New York County.

Action by Matthew Cullen against Ralph Thomas and another. From a judgment dismissing the complaint, and an order granting judgment on the pleadings, plaintiff appeals. Affirmed.

See, also, 150 App. Div. 475, 135 N. Y. Supp. 22.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Sydney A. Syme, of Mt. Vernon, for appellant.
George F. Lewis, of New York City, for respondent.

McLAUGHLIN, J.   The plaintiff was run over by an automobile, and brought this action to recover damages for the personal injuries sustained.   At the trial he had a recovery, but on appeal the same was reversed, and a new trial ordered, upon the ground of a failure to allege in the complaint, or prove upon the trial, that the driver of the automobile was, at the time the accident occurred, engaged in defendants' business or acting within the scope of his employment.   Cullen v. Thomas, 150 App. Div. 475, 135 N. Y. Supp. 22.   After the judgment had been reversed, and a new trial ordered, the defendants moved, under section 547 of the Code of Civil Procedure, for judgment upon the pleadings.   The motion was granted, and plaintiff appeals from the judgment and order granting it.

The only allegation in the complaint which in any way connects the respondent with the driver of the automobile is that:

"Plaintiff was struck and run over by an automobile operated by the agents and servants of the above-named defendants."

There is no allegation that the automobile belonged to the defendants, or either of them, or that the driver, at the time the accident occurred, was engaged in the defendants' business and acting within the scope of his employment.   In the absence of such an allegation, or the statement of facts from which it could be fairly inferred, a cause of action is not alleged.   This was pointed out in the opinion delivered on the former appeal.   See, also, Fisher v. Brooklyn Jockey Club, 50 App. Div. 446, 64 N. Y. Supp. 69; Cunningham v. Castle, 127 App. Div. 580, 111 N. Y. Supp. 1057; and McMahon v. Fox Amusement Co., 150 App. Div. 899, 134 N. Y. Supp. 1138.

The McMahon Case is directly in point.   There action was brought to recover damages for ejecting plaintiff from a theater.   The allegation in the complaint was that the plaintiff was unlawfully ordered and directed "by a person in the employ of said defendant to leave said theater."   After issue had been joined, defendant moved for judgment on the pleadings.   The motion was granted, and on appeal the same was affirmed; this court holding that the complaint did not state a cause of action, inasmuch as there was no allegation in it, or the statement of any facts from which it could be fairly inferred, that the person who committed the assault was, at the time, engaged in defendants' business and acting within the scope of his authority.

The case of Fogarty v. Wanamaker, 60 App. Div. 433, 69 N. Y. Supp. 883, relied upon by the appellant, is in no way in conflict with the view above expressed.   There the complaint, in an action to recover damages for false imprisonment, alleged that the plaintiff purchased an umbrella in the defendants' store, and on the same day, while she was legally and lawfully in the store, one of the agents or servants of the defendant arrested her on a charge of having stolen the umbrella, took her to the office of the defendants' superintendent, who illegally and unlawfully restrained her of her liberty for the space of two hours.   It was held on demurrer that the complaint stated a cause of action, and obviously, because it was fairly to be inferred from the facts alleged that the agent or servant of defendant, who arrested the plaintiff and restrained her of her liberty, was, at

the time, engaged in the master's business and acting within the scope of his employment. The arrest was made in the store of the defendant, at a time when the plaintiff had a right to be there. It had the approval of the defendants' superintendent, who was present and took part in the transaction.

Nor is the case of Stewart v. Baruch, 103 App. Div. 577, 93 N. Y. Supp. 161, in point. In that case it appeared that the automobile belonged to the defendant, and that the person operating it was in his employ, and it was held this was sufficient to establish, prima facie, that such person was acting within the scope of his employment.

Here there is nothing to show who owned the automobile, or to connect defendants with it or the driver, other than the allegation above quoted that he was his servant.

The judgment and order appealed from are affirmed, with leave to the plaintiff to serve an amended complaint within 20 days, on payment of the costs in this court and in the court below. All concur.

