HAROLD PAGE, an Infant, by GEORGE W. PAGE, His Guardian ad Litem, Respondent, *v.* LOUIS HIRSCH and Another, Appellants.

First Department, January 25, 1924.

Motor vehicles — action to recover for injuries suffered by plaintiff who was struck by automobile while crossing street — evidence does not show that defendants owned or controlled automobile — error to admit declarations of chauffeur to police that defendants owned automobile — failure of defendants to produce books of account does not help plaintiff's case.

In an action to recover damages for personal injuries suffered by the plaintiff when he was struck and run over by an automobile alleged to have been operated and controlled by the defendants, the evidence fails to establish that the defendants owned, operated or controlled the automobile at the time of the accident.

It was error for the court to admit declarations made by the chauffeur of the automobile to the police some time after the accident, that the defendants owned the automobile, since such declarations were no part of the *res gestæ,* and, even though the chauffeur was the agent of the defendants, his declarations as to ownership would not be binding upon them.

The plaintiff's cause is not aided by the failure of the defendants to produce their books of account on plaintiff's request for the purpose of proving that the defendants were the owners of, or in control of, the automobile, since it was no part of the defendants' case to prove in the first instance that they were not the owners of the automobile.

APPEAL by the defendants, Louis Hirsch and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 15th day of February, 1923, upon the verdict of a jury for $1,000, and also from an order entered in said clerk's office on the same day,

denying the defendants' motion for a new trial made upon the minutes.

*Joseph L. Lefkowitz,* for the appellants.

*Charles A. Winter* [*Myron Butler* with him on the brief], for the respondent.

Merrell, J.:

The action was brought by the plaintiff, an infant, by his guardian *ad litem,* to recover for personal injuries alleged to have been sustained by the plaintiff as the result of being struck and run over by an automobile alleged to have been operated and controlled by the defendants. The accident occurred on May 1, 1919. At that time the defendants were liverymen and undertakers. The plaintiff, then a boy of a little less than ten years of age, was crossing Madison avenue at One Hundred and Twenty-eighth street in the borough of Manhattan, New York city, when he was struck by the automobile in question and received severe injuries, for which a recovery is sought against the defendants. The main issue in the case was as to the control of the automobile, the defendants disclaiming any connection therewith. A careful examination of the evidence leads me to the conclusion that it is quite insufficient to charge the defendants with liability for the injuries sustained by the plaintiff.

To establish his cause of action the plaintiff called the defendant Hirsch, who testified that at the time of the accident he was a member of the firm of Hirsch & Schwartz and engaged in business at 487 East One Hundred and Sixty-third street, borough of Manhattan; that defendants' firm owned livery horses, coaches and a hearse, having a stable upon their premises. Hirsch testified that he knew the driver of the automobile which struck the plaintiff; and that said driver was in the employ of the Century Auto Renting Company, which had an office with the defendants; and that one Kirschenbaum, connected with the Century Auto Renting Company, was the brother-in-law of the witness. Hirsch disclaimed ever hiring cars of this auto renting company, testifying that he had his own horses, and that his firm hired no automobiles.

The defendant Schwartz was also called by the plaintiff, and through him plaintiff attempted to obtain access to possible account books of the defendants; but Schwartz denied that they had any such books, except a daybook which he was unable to produce. It appeared from the testimony of Schwartz that the Century Auto Renting Company was dissolved after the accident to plaintiff. It also appeared that said auto renting company kept their motor cars in defendants' stable in the rear of their office. Schwartz

testified that the chauffeur, Springhorn, who drove the car which struck the plaintiff was not in the employ of the defendants at the time of the accident, and denied that either he or his firm had anything to do with the funeral in connection with which the automobile was being driven at the time it struck the plaintiff.

Springhorn, the chauffeur who drove the car, called by plaintiff, testified that at the time of the accident he was employed by the Century Auto Renting Company, and that he was taking mourners from Staten Island to their home at the time his car struck the plaintiff. Springhorn denied positively any connection with or employment by the defendants prior to the accident. The only testimony connecting the defendants with the ownership or control of the automobile which struck the plaintiff was that some time after the accident Springhorn, upon being questioned by a police officer, told the officer that the defendants were the owners of the automobile, and later on made a like statement at the police station. Shortly thereafter Springhorn notified the police station that he was mistaken as to this, and that the automobile was owned by the Century Auto Renting Company, by whom he was employed.

The police officer was sworn as a witness by the plaintiff, and under the objection and exception of the defendants testified that he questioned Springhorn as to the ownership of the automobile, and that Springhorn told him that it belonged to the defendants. Counsel for the defendants duly objected to such testimony as to the disclosures of Springhorn, upon the ground that it was hearsay, and moved that the same be stricken out upon that ground. The court denied defendants' motion to strike out the admission of the alleged defendants' agent, holding that it constituted presumptive evidence. We think this was clearly error, and that the testimony was incompetent and should have been stricken out. Even though Springhorn was the agent of the defendants, his declarations as to the ownership of the car were not binding upon them. His declarations made a considerable time after the accident were no part of the *res gestæ* and were clearly incompetent. (*Sokolof* v. *Donn,* 194 N. Y. Supp. 580; *Butler* v. *Manhattan R. Co.,* 143 N. Y. 417, 423; *Wagner* v. *Clausen & Son Brewing Co.,* 146 App. Div. 70.)

Much is made by the plaintiff, respondent, of the failure of the defendants to produce their books of account, which the respondent urges might have disclosed the fact that the defendants were the owners of or in control of the automobile in question at the time it struck the plaintiff. Defendants were not called upon to show that they were not the owners of the car in question in the first

instance; but it was incumbent upon the plaintiff to show that they were the owners of said car, or, at least, that it was under their control at the time of the accident, in order to charge them with responsibility therefor. We think the case is quite barren of any sufficient testimony fixing responsibility for plaintiff's injuries upon the defendants.

The manifest error in the reception and retention of testimony of the declarations of the chauffeur who drove the car of itself requires a reversal of the judgment and the granting of a new trial, with costs to appellants to abide the event.

CLARKE, P. J., SMITH, FINCH and MARTIN, JJ., concur.

Judgment and order reversed and new trial granted, with costs to appellants to abide the event.