NONA CALLAHAN and Another, Respondents, *v.* GEORGE BERGMAN, Appellant.

First Department, July 1, 1932.

*Morton L. Panken* of counsel [*A. Bertram Samuels*, attorney], for the appellant.

*Jacob Zelenko* of counsel [*George A. Grabow*, attorney], for the respondents.

O'MALLEY, J. The judgment is predicated upon the alleged negligence of the defendant in causing personal injuries to the plaintiff wife and for loss of services and expenses incurred by the plaintiff husband by reason of such negligence.

The plaintiff wife, while crossing from the westerly side of Broadway on the southerly crosswalk of West One Hundred and Eighty-second street, in New York city, was hit and injured by a taxicab under circumstances which fully warranted a finding of negligence on the part of the taxicab driver, and freedom from contributory negligence on the part of the plaintiff wife.

The complaint charged that the taxicab which caused the injury bore " registration license No. 021-470 N. Y. 1931." The answer admitted, by not denying, that the defendant owned a taxicab bearing such license number and that at the time of the accident it was under the control of the defendant and was being operated by one of his employees. Defendant's counsel rested at the close

of the plaintiffs' case and moved to dismiss, upon the ground, among others, that plaintiffs had failed to prove that the defendant's taxicab came in contact with the plaintiff wife.

Plaintiffs' evidence established that the plaintiff wife was taken to the hospital in the same taxicab which collided with her and that it was driven by the chauffeur who had been operating it at the time of the accident. A police officer who went to the hospital saw the plaintiff wife and the chauffeur, and secured from the latter the registration number " 021-470 N. Y." When asked from whom he secured the information the officer testified: " Q. From what person, do you know? A. I got from both the chauffeur and from the young lady. Q. From the chauffeur and from the injured party, woman? A. Yes, your Honor. Q. How do you know he was the chauffeur? A. I asked him for his badge and identification card which we always do in getting a report of that sort."

From this evidence the jury were fully justified in finding that the person from whom the police officer secured the license number was the chauffeur who took the plaintiff wife to the hospital.

In view of the admissions in the answer we are of opinion that the plaintiffs' evidence clearly established that it was the defendant's taxicab which caused the injury to the plaintiff wife. The case of *Page* v. *Hirsch* (207 App. Div. 733), relied upon by the appellant, is distinguishable. In that case there was no evidence whatever to connect the defendant with ownership and control except the statement of the chauffeur made after the accident to the effect that the automobile was owned by the defendant. In this case, if the officer who secured the license number was on the scene of the accident, it certainly would have been competent for him to testify that he secured the license number from the chauffeur in charge of the taxicab. Because he secured the information at the hospital, rather than at the scene of the accident, does not destroy the competency of the testimony.

It follows, therefore, that the judgment should be affirmed, with costs.

McAvoy and Martin, JJ., concur; Merrell, J., dissents and votes to reverse and grant a new trial.

Merrell, J. (dissenting). I dissent from a majority of the court and vote to reverse the judgment appealed from and for a new trial.

There was no competent evidence at the trial showing that the taxicab automobile that struck the plaintiff wife was owned by the defendant. While the defendant did not, in his answer, deny the allegation of the complaint that he was the owner of the taxicab automobile bearing registration license " No. 021-470 N. Y. 1931,"

neither the plaintiff wife, who was struck, nor the plaintiff husband was able to identify the taxicab which struck the plaintiff wife as that of the defendant. The only testimony in that regard was that of the plaintiff husband, who testified that it was a " yellow car." The plaintiff husband further testified that, after the accident, " I immediately ran over and picked her up and put her in a taxicab." The husband was then asked the following leading question by his trial counsel: " Q. Was it the same taxicab? " to which he answered, " Yes, sir." Whether the taxicab in which the injured woman was placed was the defendant's or one of two other cars there present, does not appear. There was no proof given that defendant's car was yellow in color, and the great number of yellow cars operating in this city destroyed any probative value of such proof. The only attempt on the part of plaintiffs to prove that the car which struck plaintiff wife was defendant's was that of a police officer, who testified that at the hospital where the injured woman was taken some chauffeur by the name of Quinn told him the number of his taxicab was " 021-470 N. Y." Who Quinn was, or what his connection with defendant was, the testimony does not disclose. The record contains no evidence that the police officer's informant was the chauffeur who took the injured woman to the hospital. Therefore, plaintiffs were unable by such testimony to connect the defendant with the accident. Furthermore, the testimony of the police officer as to what the chauffeur Quinn had told him was clearly incompetent. It was received under the objection and exception of defendant's trial counsel. The alleged statement of the unidentified chauffeur to the police officer, long after the accident, was no part of the *res gestæ* and was clearly hearsay and should have been excluded under objection by defendant's trial counsel. (*Page* v. *Hirsch*, 207 App. Div. 733.)

I, therefore, vote for reversal and for the granting of a new trial.

Judgment affirmed, with costs.