Pedley v Incorporated Vil. of E. Rockaway (2024 NY Slip Op 50590(U))

[*1]

Pedley v Incorporated Vil. of E. Rockaway

2024 NY Slip Op 50590(U)

Decided on May 17, 2024

Supreme Court, Nassau County

Kapoor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 17, 2024
Supreme Court, Nassau County

Vevene P. Pedley, Plaintiff,

against
Incorporated Village of East Rockaway, THE COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY POLICE DEPARTMENT EMERGENCY AMBULANCE BUREAU, THE TOWN OF HEMPSTEAD, DAVID A. BILARDELLO, Defendants.

Index No. 612946/2023 

Sarika Kapoor, J.

NYSCEF docs. 1, 11-33 were read and considered in deciding these motions.
RELIEF REQUESTED
Seq. 001: Defendants, the County of Nassau, Nassau County Police Department and Nassau County Police Department Emergency Ambulance Bureau (together the "County defendants"), move, pre-answer, for an Order pursuant to CPLR 3211(a)(7), CPLR 3211(a)(8), CPLR 3211(a)(1), or alternatively, pursuant to CPLR 3211(c), dismissing the complaint in its entirety for its failure to state a cause of action, a proper basis of jurisdiction or, in the alternative, seeking dismissal of each and every claim as set forth in the complaint. Plaintiff opposes.
Seq. 002: Defendant, the Town of Hempstead ("the Town"), cross moves, for an Order, pursuant to CPLR 3212, granting it summary judgment dismissal of the plaintiff's complaint. Plaintiff opposes. 
BACKGROUND
This action stems from a motor vehicle accident that occurred on October 4, 2022 at approximately 3:10 p.m. at the intersection of Roosevelt Avenue and Atlantic Avenue, in Nassau County. Plaintiff was operating a 2013 Toyota when she was allegedly struck by a 2019 Ford ambulance vehicle which, she claims, was owned by the County defendants, the Town, and the defendant Incorporated Village of East Rockaway ("Village"). According to plaintiff, defendant [*2]David A. Bilardello ("Bilardello"), was the operator of the ambulance. In bringing this suit, plaintiff's theory of liability is that each of the defendants negligently owned, operated, controlled, maintained, managed, repaired and supervised the subject ambulance, all of which caused her injuries.
The Town served its answer on September 5, 2023. The County Defendants have not answered in this action; rather, they move, pre-answer to dismiss this suit.
Notably, following the filing of the motions at hand, defendants Village and Bilardello also served their answer (with cross claims) wherein, among other things, they admit ownership of the subject ambulance. Specifically, in their answer to the verified complaint with cross claims filed February 22, 2024 (doc. 33), defendants Village and Bilardello, "admit [the] allegation contained in paragraph[] . . '29'. . . of the plaintiff's complaint" (doc. 33, ¶2), which paragraph 29 alleges as follows: "That at all times hereinafter mentioned, and on Tuesday, October 4, 2022, the Defendant, INCORPORATED VILLAGE OF EAST ROCKAWAY, owned the 2019 Ford FDNY Ambulance Motor Vehicle bearing New York State License Plate Number BE7842" (doc. 1, ¶29).
RELEVANT LAW AND DISCUSSION
In general, ownership of a vehicle is a prerequisite to imputing liability upon the defendants for the negligent ownership and operation of said vehicle (Cullen v Thomas, 150 AD 475 [1st Dept 1912] [dismissing the complaint where "[t]here was not even proof that the automobile belonged to the defendant so as to raise a presumption of liability on his part"]; Page v Hirsch, 207 AD 733 [1st Dept 1924] [holding that the defendant's ownership of the vehicle involved, or his or her control over the operation of the vehicle, at the time of the accident, must be established by the plaintiff where such is an element of the liability of the defendant for the negligence of another]).
Here, in light of the Village's admission that it owned the subject ambulance, and further "[t]hat at all times hereinafter mentioned . . . on Tuesday, October 4, 2022, the Defendant, DAVID A. BILARDELLO, operated the 2019 Ford FDNY Ambulance Motor Vehicle bearing New York State License Plate Number BE784" (doc. 1, ¶49, doc. 33, ¶2), the plaintiff's arguments in opposition to the County Defendants' and Town's instant motions — including that she is entitled to conduct meaningful discovery to ascertain ownership and control of the ambulance — are rendered meritless.
CONCLUSION
Accordingly, it is hereby,
ORDERED that the County Defendants' motion [Seq. 001] to dismiss the complaint as asserted against it is GRANTED; and it is further,
ORDERED, that the Town's cross motion [Seq. 002] for summary judgment dismissal of the plaintiff's complaint is GRANTED; and it is further,
ORDERED, that pursuant to the provisions of 22 NYCRR 202.19 and 22 NYCRR 202.23, the remaining parties shall schedule a preliminary conference in this matter within thirty (30) days of the date of this Decision and Order. 
Any applications not specifically addressed are herewith DENIED.
This shall constitute the decision and order of this Court.
Dated: May 17, 2024
Mineola, New York
E N T E R :
HON. SARIKA KAPOOR, A.J.S.C.