STEWART v. BARUCH.

(Supreme Court, Appellate Division, First Department.    April 20, 1905.)

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—COLLISION WITH AUTOMOBILE.
    In an action for injuries sustained by being run over by an automobile, evidence *held* sufficient to take the case to the jury on the question of contributory negligence, and the negligence of the chauffeur.

2. MASTER AND SERVANT—TORTS OF SERVANT—SCOPE OF EMPLOYMENT.
    Evidence that defendant was the owner of the automobile which ran over plaintiff, and that the chauffeur operating the automobile was employed by defendant for that purpose, is sufficient to establish prima facie that the chauffeur was acting within the scope of his employment at the time of the collision.
    [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 1270–1272.]

3. SAME—VIOLATION OF INSTRUCTIONS.
    A chauffeur who, in violation of the instructions of his employer, takes out the latter's automobile for his own pleasure, is not, in so doing, acting within the scope of his employment, and his employer is not responsible to strangers for his negligence.
    [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 1223, 1224, 1272.]

4. SAME—ACTIONS—VERDICT—WEIGHT OF EVIDENCE.
    In an action for injuries sustained by being run over by defendant's automobile, a verdict for plaintiff on the issues of negligence, contributory negligence, and the scope of the chauffeur's employment *held* against the weight of the evidence.

Appeal from Trial Term, New York County.

Action by James S. Stewart against Bernard M. Baruch. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

William H. Page, Jr., for appellant.
Maurice Fitzgerald, for respondent.

LAUGHLIN, J. Shortly before 6 o'clock in the evening on the 16th day of November, 1901, the plaintiff, while crossing Eighth avenue along the southerly cross-walk of Forty-Second street, was struck and injured by the defendant's automobile, which was going northerly on Eighth avenue; inflicting injuries, to recover for which this action is brought. The automobile was in charge of the defendant's chauffeur, who was employed by the week. The plaintiff testified, in substance, that as he was leaving the easterly sidewalk of Eighth avenue he looked up and down to see if the way was clear; that he saw a wagon loaded with iron approaching from the south a little over 50 feet distant, and near the curb, and saw a car approaching on the north-bound track of Eighth avenue about abreast of the wagon, and an automobile trailing behind the car, and apparently in the car track; that he walked along, crossing in front of the wagon, and when he came within about 3 feet of the first track the car was passing, and he stopped, waiting for it to

pass; that he did not look again or see the automobile, and while
standing there was struck by it. A policeman called by the plain-
tiff testified that he was detailed at that crossing, and was stand-
ing on the curb at the southeast corner; that he saw the plaintiff
walking across the avenue, and observed a wagon load of iron pass-
ing, but did not notice the automobile or the plaintiff again, or
see the automobile, until the accident; that the automobile at the
time it struck the plaintiff was beween the car and the load of iron,
and that the car had been standing still, and was just starting;
that the plaintiff was struck by the easterly side of the automobile
right shortly after he went in front of those horses; that the front
of the automobile at the time it struck the plaintiff was about even
with the heads of the horses attached to the wagon, and that he
saw the accident, looking in front of the horses; that the plaintiff
passed close in front of the horses, and barely had time to clear
them. Another witness, standing at the southeast corner of the
crossing, called by the plaintiff, testified that, when the car stopped,
the automobile "switched out from behind the car," going very
fast, on the east side, and struck the plaintiff. Another witness
called by the plaintiff—an engineer in the fire department—testi-
fied that the plaintiff ran out from the curb close in front of the
horses, and that when he reached a point near the track the auto-
mobile "came along behind the car, and in a jiffy he was down
and under"; that 50 feet below the crossing the automobile was
in the car tracks; that the car had stopped, and was starting ahead
as the automobile started to turn out on the east side of the car;
that the automobile was "not going very fast"; that it was going
"like a horse would trot, just nicely"; that he did not hear any sig-
nal; that "when he emerged from in front of those horses (that
is, just when he got to the west of those horses) the automobile
was on top of him, because he turned right around, and was down
and under. From the time he emerged in front of those horses
to the time he was struck, no appreciable time elapsed." The
chauffeur testified that he was not employed on the day of this
accident; that the defendant telephoned him at 9 o'clock in the
morning, saying, "You be off to-day. I go to New Haven;" that
the automobile was kept at the automobile station at Forty-Fourth
street and Eighth avenue; that it was his duty, when not excused,
to stay there, and he was expressly enjoined by the defendant to
never take the automobile out without being telephoned so to do;
that on this day, after being excused by his employer, he remained
at the automobile station during the morning, and then, knowing
that there were automobile races in Brooklyn, he planned to attend
them with some friends, and waited for his friends until it was too
late to reach the races by a car, and so he took the automobile and
attended the races without the knowledge or leave of his employer;
that the accident occurred when he was returning from Brooklyn;
that he was coming up the avenue alongside the truck loaded with
iron, and near the car track, and behind the car, at about five or
six miles an hour; that he did not see the plaintiff until near
Forty-Second street, when "I saw a man go quick in front of the

horses and in front of my vehicle, and, just so quick I saw the man, then I stopped. I did not know whether he came from the east or the west side. The horses were to the east of me, uptown"; that when the plaintiff emerged from in front of the horses the automobile was within four or six feet of him; that he immediately put on two brakes, and stopped the automobile, but the front of the machine—the cooler—struck the plaintiff; that he stopped the machine in about six feet, but that the plaintiff "stepped right into it. In between the machine—between the wheels"; that after stopping the machine he stepped down to help the plaintiff out, but the plaintiff was then up; that he offered to take the plaintiff in the automobile to a doctor; that the plaintiff said that it was not necessary, "that it was his own fault, and that he was not hurt at all." The defendant did not discharge the chauffeur, and did not testify in his own behalf.

We are of opinion that this verdict should be reversed as against the weight of evidence. There was sufficient evidence to take the case to the jury on the question of the plaintiff's contributory negligence and the negligence of the chauffeur, but it does not preponderate in the plaintiff's favor upon either proposition. The facts that the defendant was the owner of the automobile, and the chauffeur was in his employ to operate it, were sufficient to make out a prima facie case that the chauffeur was acting within the scope of his employment at the time; but this was far from conclusive, and if the testimony of the chauffeur that he disobeyed the defendant's instructions, and took the automobile out for his own pleasure, is true, the defendant is not responsible for the accident. The testimony of the chauffeur on this point is not improbable. Of course, the defendant may have permitted the chauffeur to take the automobile to attend the races; but it is evident that this was attended with more or less wear and tear to the machine, and expense of operating, aside from risks of accident. It is also possible that the chauffeur would commit perjury for the sake of relieving his employer from liability or retaining his position, but it is not likely that this would be volunteered, and it is not probable that an employer would suggest this story to his servant. We are of opinion, therefore, that the findings of the jury that the plaintiff was free from contributory negligence, and that the chauffeur was negligent, and was acting within the scope of his employment for the defendant at the time, are against the weight of the evidence.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.