JAMES S. STEWART, Respondent, *v.* BERNARD M. BARUCH, Appellant.

*Negligence — proof that a party was the owner of an automobile and that the chauffeur was in his employ — proof that the chauffeur disobeyed his master in using it.*

In an action brought to recover damages for personal injuries sustained by the plaintiff in consequence of his being struck by an automobile while crossing a city street, the fact that the defendant was the owner of the automobile and that the chauffeur in charge thereof was in his employ, is sufficient to establish *prima facie* that the chauffeur was acting within the scope of his employment at the time.

If, however, it appears that at the time in question the chauffeur, in disobedience of the defendant's express instructions, was using the automobile for his own pleasure, the defendant is not liable to the plaintiff.

When, in such a case, a finding that the plaintiff was free from contributory negligence and that the chauffeur was negligent and was acting within the scope of his employment is against the weight of evidence, considered.

APPEAL by the defendant, Bernard M. Baruch, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 14th day of June, 1904, upon the verdict of a jury for $1,000, and also from an order entered in said clerk's office on the 15th day of June, 1904, denying he defendant's motion for a new trial upon the minutes.

*William H. Page, Jr.,* for the appellant.

*Maurice Fitz Gerald,* for the respondent.

LAUGHLIN, J.:

Shortly before six o'clock in the evening of the 16th day of November, 1901, the plaintiff, while crossing Eighth avenue along the southerly crosswalk of Forty-second street, in the city of New York, was struck by the defendant's automobile, which was going northerly on Eighth avenue, inflicting injuries to recover for which this action is brought. The automobile was in charge of the defendant's chauffeur who was employed by the week. The plaintiff testified in substance that as he was leaving the easterly sidewalk of Eighth avenue he looked up and down to

FIRST DEPARTMENT, APRIL, 1905.            [Vol. 103.

see if the way was clear; that he saw a wagon loaded with iron approaching from the south a little over fifty feet distant and near the curb and saw a car approaching on the north-bound track of Eighth avenue about abreast of the wagon and an automobile trailing behind the car and apparently in the car track; that he walked along, crossing in front of the wagon, and when he came within about three feet of the first track the car was passing and he stopped, waiting for it to pass; that he did not look again or see the automobile and while standing there was struck by it. A policeman called by the plaintiff testified that he was detailed at that crossing and was standing on the curb at the southeast corner; that he saw the plaintiff walking across the avenue and observed a wagon load of iron passing, but did not notice the automobile or the plaintiff again or see the automobile until the accident; that the automobile at the time it struck the plaintiff was between the car and the load of iron and that the car had been standing still and was just starting; that the plaintiff was struck by the easterly side of the automobile shortly after he went in front of horses; that the front of the automobile at the time it struck the plaintiff was about even with the heads of the horses attached to the wagon and that he saw the accident looking in front of the horses; that the plaintiff passed close in front of the horses and barely had time to clear them. Another witness standing at the southeast corner of the crossing called by the plaintiff testified that when the car stopped the automobile "switched out from behind the car," going very fast, on the east side and struck the plaintiff. Another witness called by the plaintiff, an engineer in the fire department, testified that the plaintiff ran out from the curb close in front of the horses and that when he reached a point near the track the automobile "came along behind the car and in a jiffy he was down and under;" that fifty feet below the crossing the automobile was in the car tracks; that the car had stopped and was starting ahead as the automobile started to turn out on the east side of the car; that the automobile was "not going very fast;" that it was going like a horse would trot, "just nicely;" that he did not hear any signal; that "when he emerged from in front of those horses, that is just when he got to the west of those horses, the automobile was on top of him, because he turned right around and he was down and in under. From

the time he emerged in front of those horses to the time he was struck no appreciable time elapsed." The chauffeur testified that he was not employed on the day of this accident; that the defendant telephoned him at nine o'clock in the morning, saying "You be off to-day — I go to New Haven;" that the automobile was kept at the automobile station at Forty-fourth street and Eighth avenue; that it was his duty when not excused to stay there and he was expressly enjoined by the defendant never to take the automobile out without being telephoned so to do; that on this day after being excused by his employer he remained at the automobile station during the morning and then, knowing that there were automobile races in Brooklyn, he planned to attend them with some friends and waited for his friends until it was too late to reach the races by a car and so he took the automobile and attended the races without the knowledge or leave of his employer; that the accident occurred when he was returning from Brooklyn; that he was coming up the avenue alongside the truck loaded with iron and near the car track and behind the car at about five or six miles an hour; that he did not see the plaintiff until near Forty-second street, when "I saw a man go quick in front of the horses and up to my vehicle, and just so quick I saw the man, then I stopped. * * * I don't know whether he came from the east or the west side. The horses were to the east of me, uptown;" that when the plaintiff emerged from in front of the horses the automobile was within four or six feet of him; that he immediately put on two brakes and stopped the automobile but the front of the machine — the cooler — struck the plaintiff; that he stopped the machine in about six feet but that the plaintiff "stepped right into it. In between the machine — between the wheels;" that after stopping the machine he stepped down to help the plaintiff out but the plaintiff was then up; that he offered to take the plaintiff in the automobile to a doctor; that the plaintiff said that it was not necessary; "that it was his own fault and that he was not hurt at all." The defendant did not discharge the chauffeur and did not testify in his own behalf.

We are of opinion that this verdict should be reversed as against the weight of evidence. There was sufficient evidence to take the case to the jury on the question of the plaintiff's contributory negli-

gence and the negligence of the chauffeur; but it does not preponderate in the plaintiff's favor upon either proposition.   The fact that the defendant was the owner of the automobile and the chauffeur was in his employ to operate it were sufficient to make out a *prima facie* case that the chauffeur was acting within the scope of his employment at the time; but this was far from conclusive and if the testimony of the chauffeur that he disobeyed the defendant's instructions and took the automobile out for his own pleasure is true, the defendant is not responsible for the accident.   The testimony of the chauffeur on this point is not improbable.   Of course the defendant may have permitted the chauffeur to take the automobile to attend the races, but it is evident that this was attended with more or less wear and tear to the machine and expense of operating aside from risks of accident.   It is also possible that the chauffeur would commit perjury for the sake of relieving his employer from liability or retaining his position; but it is not likely that this would be volunteered and it is not probable that an employer would suggest this story to his servant.   We are of opinion, therefore, that the findings of the jury that the plaintiff was free from contributory negligence and that the chauffeur was negligent and was acting within the scope of his employment for the defendant at the time are against the weight of the evidence.

It follows that the judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and MCLAUGHLIN, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.