## MERSEREAU v. L. K. HIRSCH CO.

(Supreme Court, Special Term, Erie County. March 6, 1907.)

ATTACHMENT—AFFIDAVITS—ALLEGATIONS—SUFFICIENCY.

     In an action to recover the price of a locomotive sold by plaintiff to defendant, allegations in an affidavit for attachment that defendant was a foreign corporation organized under the laws of a certain other state were not obviously statements of a mere conclusion, so as to warrant a vacation of the attachment.

Action by William B. Mersereau against the L. K. Hirsch Company. Motion to vacate an attachment. Motion denied.

Dana L. Jewell, for the motion.

Creighton S. Andrews, opposed.

BROWN, J. It is stated in defendant's brief that lien by reason of attachment has been released and bond given by defendant, and defendant asks that bond be canceled upon vacation of attachment. It thus appears that plaintiff will be remediless if attachment is set aside. Motion is made on original papers, defendant claiming that judge granting attachment did not have jurisdiction for reason that plaintiff's papers upon which attachment was granted did not show that defendant was a foreign corporation; that while plaintiff's affidavit positively states that defendant is a foreign corporation, such statement is a conclusion which must be based upon hearsay, and plaintiff would not be permitted to testify to such fact upon a trial; that plaintiff could not know such fact upon his personal knowledge.

While the rule is that when positive allegations are required in an affidavit it is not satisfied by allegations positive in form to facts which cannot be supposed to be within the knowledge of the deponent, I am of the opinion that upon the facts of this case the positive allegation or statement in plaintiff's affidavit that defendant is a foreign corporation duly organized under the laws of the state of Illinois, it cannot be supposed that the plaintiff did not have personal knowledge thereof and was incompetent to make such statement. The affidavit of plaintiff reveals the fact that the transaction resulting in the indebtedness sued for was a personal one between the plaintiff and the defendant. This transaction was the purchase by the defendant of a locomotive from the plaintiff. The presumption must be that whatever the plaintiff learned of and concerning the defendant and whatever information the plaintiff had of and concerning defendant's corporate capacity and its place of incorporation was gained from the defendant itself. The fact that plaintiff states that defendant was incorporated under laws of Illinois is very significant as indicating plaintiff's source of knowledge.

This motion being based solely upon the papers on which the attachment was granted, all necessary inferences and deductions must be construed in favor of the plaintiff, and defendant concedes all that is stated therein. It does not appear that it was impossible for plaintiff to have known that the defendant is a foreign corporation. The plaintiff could have known that defendant was a foreign corporation duly

organized under the laws of Illinois for the purpose of making the affidavit by learning the same from the person who, representing the defendant, purchased the locomotive of the plaintiff for the defendant. He could have known it from examination of records of incorporation in Illinois. He could have known of it by communications from defendant at any of the times mentioned in the affidavit when transactions were had between them. The fact whether or not the defendant is a foreign corporation is a matter peculiarly within the knowledge of the defendant. The plaintiff states that defendant is a foreign corporation duly organized under laws of Illinois. The defendant will not be heard to say that plaintiff could not have personal knowledge that defendant was such a corporation without denying it is such a corporation. This affidavit of the plaintiff is presumed to have been made on personal knowledge. It is not stated to have been made on information and belief. It does not appear affirmatively nor by a fair inference that the statement relative to defendant's corporate capacity could not have been and was not within the personal knowledge of plaintiff.

Motion denied, with $10 costs to plaintiff.