# Roman, Trustee *v.* Lentz, *et al.*

## *Ejectment.*

(Decided April 4, 1912. Rehearing denied May 1, 1912.
58 South. 438.)

1. *Ejectment; Tax Title; Jury Question.*—Where defendant claimed under a sale for taxes for the year 1898, and plaintiff claimed to have paid the taxes for that year, the question as to who paid the taxes, or whether plaintiff paid the taxes was, under the evidence in this case, a question for the jury.

2. *Same.*—Where the action was ejectment, and defendant claimed under a tax sale for the year 1898, and plaintiff asserted that he had paid the taxes for that year, but that the collector's books inadvertently failed to show that fact, it was competent for plaintiff to prove by the assessment books and the collector's receipt stubs for several years preceding and succeeding the year 1898, that he correctly assessed all his lands in conformity with the printed lists put in evidence showing the same total acreage in each of such years as in 1898, and that he paid the same amount of taxes on the same valuation in such years as in 1898, and that the description given by him as shown by the assessment books for the years preceding and succeeding 1898, were identical with the description recorded in that year, except for the omission of the record as to payment of taxes on the land in controversy, as tending to show a clerical omission by the assessor in transcribing from the original tax receipt to the assessment book offered in evidence.

3. *Taxation; Payment of Taxes; Evidence.*—A property owner is not concluded by the record in the assessment book from showing payment of taxes not shown therein, especially where the record indicates that it is erroneous thereon, notwithstanding the provisions of section 2311, Code 1907.

APPEAL from Lawrence Circuit Court.

Heard before Hon. D. W. SPEAKE.

Ejectment by S. Roman as trustee against H. C. Lentz and others. Judgment for defendant and plaintiff appeals. Reversed and remanded.

J. B. BROWN, for appellant. The plaintiff having shown a complete paper title, and that the proceedings in the probate court were void, the burden was shifted to defendants to sustain their plea of the statute of limita-

tions for three years by showing that that statute was applicable and further showing adverse possession in all its essential elements.—*Smith v. Cox,* 115 Ala. 506; *Long v. Boast,* 153 Ala. 428; *M. & E. R. R. Co. v. Rutland,* 51 South. 832. Before the short statute of limitations can be applied to protect the defendant, it must be shown that the taxes for the year 1898 had not been paid prior to the alleged sale, and the burden was on defendant to show this.—Sec. 2311, Code 1907; *M. & E. R. R. Co. v. Rutland, supra; Troy F. Co. v. Zachary,* 114 Ala. 177; 71 N. Y. 1991; 27 Am. Rep. 38; 15 A. & E. Enc. of Law, 791. Under these authorities the court was in error in excluding the evidence offered supporting plaintiff's claim that he had paid the taxes for that year, and in refusing charges 3, 4, 5 and 7.—*Cook v. Anniston L. Co.,* 93 Ala. 7; *Hale v. State,* 122 Ala. 85; *Letcher v. State,* 159 Ala. 60; *Rowe v. Doe ex dem. T. C. & I. Co.,* 50 South. 230. The court erroneously gave charges 1 and 2 requested by defendant.—*Normant v. Eureka,* 98 Ala. 181; *Doe v. Clayton,* 81 Ala. 391; *Black v. Tenn. Co.,* 93 Ala. 109; *Childress v. Calloway,* 76 Ala. 128; *M. & E. R. R. Co. v. Rutland, supra; Rowe v. Doe ex dem. supra.* On these authorities the court was in error in giving the other charges requested.

W. T. LOWE, CALLAHAN & HARRIS, and TIDWELL & SAMPLE, for appellee. Under familiar principles the court will not disturb the order of the trial court denyiny appellant's motion for a new trial unless the preponderance of the evidence is such as to convince the court that the verdict was wrong and unjust. The evidence is in conflict, and the records bear out defendant's contention, and hence, the court cannot reach the conclusion that the court was in error in its judgment. The court properly denied the admission of the evidence as

to what the plaintiff did relative to the assessment for taxes of his land and the payment of the taxes thereon in the years preceding and the years succeeding the year of the tax sale, under which defendant claims.—11 Enc. of Evi. p. 775.

DOWDELL, C. J.—This is a statutory action in the nature of an action of ejectment brought by the appellant Roman against the appellees to recover possession of certain lands in Lawrence county. From a verdict and judgment in favor of the defendants, Lentz et al., this appeal is prosecuted. On the trial the plaintiff proved a complete paper chain of title, tracing from the government into himself.

The defendants sought to justify their holdings on two theories: (1) That the plaintiff failed to assess the lands for taxes for the year 1898, and had failed to pay the taxes thereon for said year; that in the year 1901 an assessment was made against said lands for escaped taxes by the tax assessor for the year 1898, and that by a proceeding in the probate court these lands were decreed to be sold, and were on May 26, 1902, sold by the tax collector under said decree, and that at said sale Judson Lentz, since deceased, became the purchaser thereof; that on May 27, 1904, he received a deed thereto from the probate judge, which vested in him the legal title; that said Judson Lentz died without issue, the title descending to the defendants, the father and mother of said Judson Lentz; (2) that, if the proceedings in the probate court were void, the taxes for the year 1898 were not paid on said lands, and that said Judson Lentz, soon after his tax purchase, went into possession of said lands under claim of right, and that he and the defendants had held the same adversely for three years prior to July 31, 1907, when the suit was filed.

As to the first of defendants' contentions, the court below held that the proceedings in the probate court were void on the ground that the initial notice given by the probate judge and published to "owner unknown" required the taxpayer to appear before the probate judge on a certain date, and not before the probate court at its next term, and therefore that the probate court did not acquire jurisdiction to decree a sale.— *Smith v. Cox*, 115 Ala. 508-509, 22 South. 78　But the court admitted the tax deed as a color of title. Following this reasoning, the court below charged the jury that the plaintiff had shown a complete paper title to the land, and that the said proceedings in the probate court were inefficacious to destroy that title. This left open only two questions to be determined: (1) Whether or not the plaintiff had paid the taxes on the lands in controversy for the year 1898, which question, if found in favor of the plaintiff, was determinative of the case; but, if he did not pay such taxes for the year 1898, (2) whether or not Judson Lentz and the defendants had held the lands adversely under what is known as the "short statute of limitations" (section 2311 of the Code) for three years prior to July 31, 1907.

On the first question, only one witness was examined, the plaintiff, Roman, who testified in his own behalf that he had owned the lands in controversy since 1896; that the lands were assessed for taxes by the plaintiff in person during the years 1896, 1897, and 1898, and for the years subsequent thereto by George H. Parker, as agent for plaintiff; that he prepared in his office the assessment of said lands on a regular assessment blank, to which he attached a printed list of all the lands owned by him in Lawrence county, totaling 9,440 acres, for each of said years, a copy of which printed list— printed on a slip, not typewritten—such as was at-

tached to assessment blanks, was given in evidence, and embraces the lands sued for; that witness then swore to said assessment before a notary public in the city of Montgomery, wrote the tax assessor of Lawrence county a letter including therewith said assessment for each of the years named, which was properly addressed and postage prepaid, and caused the same to be placed in the United States mail at Montgomery, Ala., where witness lived; that inclosed with each of said assessments was a letter from witness to the tax assessor, requesting him to assess his taxes according to such statement, and that witness received from him an acknowledgment that he had received such assessment; that witness paid the taxes for each of said years, and received receipts therefor, but that all his correspondence, receipts, and checks pertaining to the matter, which were kept in his office, were destroyed by fire.

The only evidence offered by the defendants to show that the plaintiff had not paid the taxes on the land in controversy for the year 1898 was the tax assessment book made by the tax assessor for that year. While the record in this book purports to cover 9,440 acres of land, it omits one line from the long list of lands, thus omitting 440 acres of land, embracing the lands sued for; but otherwise the assessment as recorded follows the list which witness Roman swore that he mailed to the tax assessor. A comparison of the printed list testified to by Roman with the assessment book of 1898 raises the natural inference that the tax assessor received the assessment forwarded by Roman, and that, in transcribing it on the tax book, he omitted one line as shown by the printed list from the word "except," in the second line, to the word "except" in the third line—a very simple clerical error, but omitting from the description the following: "N. W. ¼ and all of S. E. ¼ except S. W. ¼

[Roman, Trustee v. Lentz, et al.]

of Sec. 33, Tp. 5, R. 6 W.　The S. E. ¼ of Sec. 1, Tp.° 6 S.
R. 6 W.　The N. W. ¼ and all of the S. W. ¼ except"—
embracing the lands in suit.　Without these lands the
total of 9,440 acres shown by the assessment book is
lacking, a circumstance further indicating an uninten-
tional omission from the description by the transcribing
officer.　As Roman paid the taxes on this assessment for
the full number of acres owned by him, neither he nor
the officer could have had any motive to intentionally
omit this line from the description.　Taking this in con-
nection with Roman's positive testimony that he as-
sessed his lands in 1898 with the same printed list as he
used in 1896 and 1897, a copy of which was shown in ev-
idence, the natural and reasonable inference is that the
plaintiff correctly assessed his lands, and that the officer
made a clerical error in copying the same into the assess-
ment book.　And it further appears that, notwithstand-
ing this omission from the detailed description, the
plaintiff paid taxes on his total acreage of 9,440 acres in
Lawrence county.

In addition to this, the plaintiff offered to prove by
the tax assessment books for 1896, 1897, and for several
years succeeding 1898, and by the tax collector's receipt
stub-books for those years, that he correctly assessed all
his lands in conformity with the printed list attached to
his testimony, showing also the same total of 9,440 acres
in each year, and that he paid the same amount of taxes
on the same valuation during all of those years as in
1898, and that the description given in by him, as shown
by such assessment books, for the years preceding and
succeeding, were fac similes of the description recorded
in 1898 except for the omission in the record above re-
ferred to; but the court would not permit him to intro-
duce this evidence.　In this we are of the opinion that
the court below was in error.　This evidence tended to

show a clerical omission by the tax assessor in transcribing from the original assessment sheet to the assessment book offered in evidence. The court admitted the stub of the collector's reecipt showing payment by plaintiff of the same amount of taxes in 1898 as in 1896 and 1897.

Embraced in the short statute of limitations, section 2311 of the Code of 1907, as to the recovery of lands sold for taxes, upon which the defendants in this case rely, is this proviso: "Provided, however, that the provisions of this section shall not apply to cases in which the owner of the real estate sold had paid the taxes, for the payment of which such real estate was sold, prior to such sale."—See, also, *Crook v. Anniston Land Co.*, 93 Ala. 7, 8, 9 South. 425. Section 2122 of the Code of 1907, substantially identical with the same section as it appears in the Code of 1896, No. 3950, provides that the assessor shall keep a book in which assessments shall be recorded, showing the description and number of acres of land and the valuation; and the succeeding section provides that on the first Monday in May he shall file such book in the office of the judge of probate, where the same shall be open to examination by the public. And section 2310 provides, further, that "on the trial of any issue involving the sale of real estate for taxes, or the redemption thereof, the books and records belonging to the office of the judge of probate or tax collector, and required by law to be kept, or certified copies therefrom, shall be prima facie evidence of the facts stated therein."

Of course, the plaintiff is not concluded by the record in the assessment book, especially since that record bears internal evidence of error. As was said in the case of *Harvey v. Thorpe*, 28 Ala. 263, 65 Am. Dec. 344, in discussing the weight of records of conveyances: "In

giving to the record the same degree of force that the original deed would have had, it was doubtless presumed that the clerk would make a true copy; and we think it is only the record when thus made that it was intended to invest with unimpeachable verity. In other words, to make it a record, it must be a copy. Even. judicial records, made under the sanction of judicial officers, and in themselves originals, have not always been held conclusive as to jurisdictional facts. * * * It is prima facie evidence, on the ground that all officers must be presumed to have discharged the duties which the law requires of them. * * * But we are satisfied that it could never have been intended to make the record as effectual as the original, unless it was a true copy; and we must, therefore, hold that it is not conclusive."—22 Am. & Eng. Ency. Law, 1267-1275; 24 Id., 196, 197; *Toole v. State*, 170 Ala. 41, 54 South. 195-199.

It is contended by the appellant that, in view of the positive testimony of the plaintiff that the taxes were paid, the presumption of the correctness of the assessment book is overcome, and that it should no longer have been considered as evidence in the case; that, where the testimony against the presumption is clear and satisfactory, it is the duty of the court to hold as a matter of law that the presumption is overcome; and that, therefore, the court should have given the affirmative charge for the plaintiff—citing *Louisville & Nashville Railroad Co. v. Marbury*, 125 Ala. 254, 255, 28 South. 438, 50 L. R. A. 620; *Alabama Great Southern Railroad Co. v. Moody*, 90 Ala. 46, 8 South. 57. The presumptions dealt with in those cases were presumptions of fact rather than of law, indulged mainly for the purpose of putting the company to proof and compelling it to explain, and show, with a fair degree of certainty, that it had performed its duty. Greater weight must be ac-

corded to the presumption in favor of the correctness of public records made by statute prima facie evidence of certain facts; and we are not prepared to hold that the court below erred in submitting the question to the jury as to whether the plaintiff paid his taxes on the lands omitted from the assessment record of 1898.

What we have said renders it unnecessary to discuss the other assignments of error.

Reversed and remanded.

SIMPSON, ANDERSON, SAYRE, and SOMERVILLE, JJ., concur.  McCLELLAN and MAYFIELD, JJ., not sitting.

