(82 South. 40)

DOWDELL et al. v. BEASLEY. (3 Div. 323.)*

(Court of Appeals of Alabama. April 22, 1919. Rehearing Denied May 6, 1919.)

1. MASTER AND SERVANT ⊙⟾330(1) — OPERATION OF AUTOMOBILE—PRESUMPTIONS.

Where one employed for the special purpose of operating an automobile is found operating it in the usual manner such machines are operated, the presumption arises that he is running it in the master's service.

2. MASTER AND SERVANT ⊙⟾330(1) — OPERATION OF AUTOMOBILE—PRESUMPTION—SCOPE OF EMPLOYMENT.

The presumption that a chauffeur operating his master's automobile in the usual manner was operating it in the master's service is rebuttable, and may be overcome by evidence clearly showing that he was acting without the scope of his employment, to accomplish some purpose of his own.

3. MASTER AND SERVANT ⊙⟾332(2)—AUTOMOBILE ACCIDENT — NEGLIGENCE OF CHAUFFEUR—SCOPE OF EMPLOYMENT—JURY QUESTION.

In action against owner of automobile for negligence of chauffeur, where defense was that chauffeur was not acting within scope of employment, evidence *held* to make case for jury.

4. MUNICIPAL CORPORATIONS ⊙⟾661(1)—USE OF STREETS—SPEED REGULATIONS—VALIDITY OF ORDINANCE.

Code of Ordinances of City of Montgomery, § 595, regulating speed of motor vehicles at street intersections, authorized by Acts 1911, p. 648, § 32, was within the power reserved to the city by such statute.

5. MUNICIPAL CORPORATIONS ⊙⟾592(1)—ORDINANCES—CONFLICT WITH STATUTES.

The fact that the ordinance enlarges upon the provisions of a statute by requiring more than the statute requires creates no conflict therewith unless the statute limits the requirements for all cases to its own prescription.

6. MUNICIPAL CORPORATIONS ⊙⟾705(5)—USE OF STREETS—EXCEEDING SPEED LIMIT—NEGLIGENCE.

The operation of a motorcycle at a street intersection at a speed in excess of 10 miles an hour in violation of the Code of Ordinances of the City of Montgomery, § 595, is negligence.

7. MUNICIPAL CORPORATIONS ⊙⟾705(10) — COLLISION AT STREET INTERSECTION — CONTRIBUTORY NEGLIGENCE.

Where a motorcycle driver injured in collision with an automobile at street intersection was driving at a speed in excess of 10 miles an hour at such intersection at time of accident, in violation of Code of Ordinances of City of Montgomery, § 595, and where his negligence in so doing proximately contributed to his injuries, he cannot recover against the owner of the automobile.

Appeal from Circuit Court, Montgomery County; Gaston Gunter, Judge.

Action by Wilbur F. Beasley against James S. Dowdell and another for damages for injuries sustained in a collision with an automobile of the defendants. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

The following charges were refused to the defendant:

(6) If you believe from the evidence that Mr. Beasley was operating the motorcycle at a rate of speed in excess of 10 miles an hour at the intersection of Mobile and Mildred streets, then I charge you that as a matter of law the operation of said motorcycle at such speed was negligence on his part.

(7) If you believe from the evidence that Mr. Beasley was operating the motorcycle at a rate of speed in excess of 10 miles an hour at the intersection of Mobile and Mildred streets, then I charge you that as a matter of law such operation was negligent, and if you believe from the evidence that such negligence on Mr. Beasley's part contributed proximately to his injuries, then you cannot find for the plaintiff under the first count of the complaint.

(8) I charge you that under the evidence in this case Mr. Beasley was negligent as a matter of law in operating the motorcycle at a rate of speed in excess of 10 miles an hour at the intersection of Mobile and Mildred streets, and if you believe from the evidence that such negligence contributed proximately even in the remotest degree to his injuries, you cannot find for the plaintiff under the third count of the complaint.

(13) If you believe the motorcycle was being operated at a speed in excess of 10 miles an hour at the time of the collision, you cannot find for the plaintiff under the first or second counts of the complaint.

Rushton, Williams & Crenshaw, of Montgomery, for appellants.

Goodwyn & McIntyre, of Montgomery, for appellee.

BROWN, P. J. [1] The plaintiff's injuries, made the basis of this action, resulted from the collision of the defendant's automobile and the plaintiff's motorcycle at the intersection of Mobile and Mildred streets in the city of Montgomery. The evidence shows without dispute that the automobile was at the time in charge of and being operated by the defendant's regular chauffeur, Arthur Baldwin, and tends to show that he was guilty of negligence which proximately caused the collision. There can be no question as to the logic of the rule that—

"Where a servant, who is employed for the special purpose of operating an automobile for the master, and is found operating it in the usual manner such machines are operated, the presumption naturally arises that he is running the machine in the master's service. If he is not so running it, this fact is peculiarly within the knowledge of the master, and the burden is on him to overthrow this presumption by evidence which the law presumes he is in posses-

---

sion of. It would be a hard rule, in such circumstances, to require the party complaining of the tortious act of the servant to show by positive proof that the servant was serving the master and not himself." Long v. Nute, 123 Mo. App. 204, 209, 210, 100 S. W. 511, 513; Stewart v. Baruch, 103 N. Y. Supp. 577; Id., 103 App. Div. 577, 93 N. Y. Supp. 161.

The presumption here is of the same character as that arising from proof of the communication of fire by a railroad engine, of which it was said by the Supreme Court:

"It seems, however, that in this state the rule is that the mere communication of fire by a railroad engine is of itself sufficient to raise a presumption of negligence against the company. It has its foundation in the practical necessities of the case. Its locomotives from which the fire escapes are entirely within the control and under the supervision of the company, and its agents or servants know whether or not they are properly equipped to prevent the escaping of fire, and they know whether any mechanical appliances were employed for that purpose, and, if so, what was their character, while, on the other hand, the owner of the property consumed has little or no opportunity to learn whether it was a case of unavoidable accident or negligence. Such facts may be easily obtained and proved by the company; and if its appliances are of proper pattern and construction and in good repair, and there has been no negligence in the operation of the engine, the presumption of negligence arising from the escape of fire can be rebutted. Care should, however, be observed to distinguish between the prima facie presumption of negligence raised against the company upon proof of communication of fire from sparks from an engine, merely for the purpose of shifting the burden of proof and prima facie evidence of negligence in fact, lest the rule be misapplied, and the presumption indulged to an extent of making out the plaintiff's case as against the undisputed evidence of the exercise of due care in the handling and proper construction of the engine." L. & N. R. R. Co. v. Marbury Lumber Co., 125 Ala. 237, 253, 28 South. 438, 441 (50 L. R. A. 620).
"The presumptions dealt with in those cases were presumptions of fact rather than of law, indulged mainly for the purpose of putting the company to proof and compelling it to explain, and show with a fair degree of certainty that it had performed its duty." Roman v. Lentz, 177 Ala. 64, 71, 58 South. 438, 441.

[2] This presumption is rebuttable and may be overcome by evidence clearly showing that the chauffeur was acting without the line and scope of his employment, to accomplish some purpose of his own having no relation to the business of his master. L. & N. R. R. Co. v. Marbury Lumber Co., supra; A. G. S. R. R. Co. v. Moody, 90 Ala. 46, 8 South. 57; Roman v. Lentz, supra.

[3] In this case the evidence offered by the defendant shows that the chauffeur had authority to operate the automobile, that he had complete charge of it from morning until night, and that he used it in running errands

and in serving the defendants in their business and as individuals, and on the occasion of the injury he was driving the automobile along Mobile street in the direction of Lee Holmes' store, where he was going to see "an unknown man on unknown business"; and, while the witness Lamar testified that he had instructed the chauffeur to "come right back to the office" after obtaining gasoline, and one of the members of the defendant firm testified that the firm had no business dealings with Holmes in the month of February (the month of the accident), it does not appear from the evidence that Lamar had any authority over the chauffeur or the car; and the witness Joseph does not controvert the fact that the firm may have had business with the "unknown man," and the other member of the defendants' firm was not examined as a witness, and, for aught that appears here, the chauffeur may have been going on an errand for him. Under the evidence, the case was properly submitted to the jury. Penticost v. Massey, 201 Ala. 261, 77 South. 675, on second appeal, 202 Ala. 681, 81 South. 637.

Section 32 of the act approved April 22, 1911, known as the "Motor Vehicle Law," provides that—

"Suitable ordinance, rules and regulations may be passed regulating speed to a reasonable slowness at crossings or in turning curves or in congested highways and streets." Acts 1911, p. 648, § 32.

[4, 5] The provision of section 595 of the Code of Ordinances of the city of Montgomery, in so far as it regulates the speed of motor vehicles at the intersection of its streets, was clearly within the power reserved to the city by the act above quoted. Moreover, "the fact that an ordinance enlarges upon the provisions of a statute by requiring more than the statute requires creates no conflict therewith, unless the statute limits the requirement for all cases to its own prescription." B. R., L. & P. Co. v. Milbrat (Sup.) 78 South. 228;[1] Adler v. Martin, 179 Ala. 97, 59 South. 597; Pullen v. City of Selma, 79 South. 147.[2] Under this rule there is no conflict or inconsistency between the act above referred to and the provisions of section 595 of the Code of Ordinances of Montgomery.

[6, 7] The undisputed evidence tended to show that the plaintiff was operating his motorcycle in excess of 10 miles per hour at the intersection of Mobile and Mildred streets in violation of the ordinance of the city. This was negligence. Watts v. M. L. & T. Co., 175 Ala. 103, 57 South. 471; L. & N. R. R. Co. v. Loyd, 186 Ala. 119, 65 South. 153. And if the plaintiff's negligence in this respect proximately contributed to his injuries, this would bar his right to recover. C. of Ga. Ry. Co. v. Hyatt, 151 Ala. 355, 43 South. 867; Thompson v. Duncan, 76 Ala. 334; C. of Ga. Ry. Co. v. Faust, 82 South. 36.[3] Under this

[1] 201 Ala. 368.     [2] 16 Ala. App. 473.     [3] Ante, p. 96.

phase of the evidence, charges 6, 7, 8, and 13 should have been given, and for the error in refusing these charges the judgment is reversed.

Reversed and remanded.

SAMFORD, J., not sitting.