THE NATIONAL BANK. OF RONDOUT, Respondent, *v.* THOMAS F. BYRNES, Appellant, Impleaded. with Others.

*Declaration by the president of a bank as to a transaction long after it took place.*

A declaration concerning a transaction with a bank, made by the president of the bank long after the transaction had taken place, and not in the course of his official duties, is not admissible against the bank.

APPEAL by the defendant, Thomas F.. Byrnes, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Ulster on the 21st day of October, 1902, upon the verdict of a jury, and also from an order entered in said clerk's office on the 17th day of October, 1902, denying the said defendant's motion for a new trial made upon the minutes.

*J. Stewart Ross,* for the appellant.

*Howard Chipp,* for the respondent.

PARKER, P. J.:

If, at the time the note was delivered, the bank agreed with Sweeney that it should be held only as the note of Sweeney & Son, and that it should be paid from the collateral security which such bank then held from such firm, then the defendant Byrnes could not be held liable thereon in this action. The trial court so charged without objection, and it, therefore, became the law of this case.

Sweeney testified that the cashier so agreed when he received from him the note in suit. The cashier squarely denied that he so agreed, and testified in effect that he received it as a note due from Byrnes to Sweeney & Son. If such was the fact, then under the charge of the court, to which no objection was taken, the defendant was liable; and that question was clearly and fairly left to the jury to decide. They have decided against the defendant, and I am of the opinion that we should not disturb that verdict as against the weight of evidence. The burden to establish such agreement was upon the defendant; I cannot discover that his evidence was sufficiently strong to overcome the conclusion at which the jury arrived.

The exclusion of the paper marked " No. 1," was not error. It does not appear under what circumstances it was received by the

witness, but the trial judge evidently understood it to be but the declaration of the president of the bank, made long after the transaction and not at all in the course of his official duties. Assuming, as I do, that such was the fact, it was not evidence against the bank. The president was not the bank itself, but a mere agent, when he made that statement, and so his declaration was not evidence. (*Merchants' National Bank* v. *Clark,* 139 N. Y. 314; *First National Bank* v. *Ocean Nat. Bank,* 60 id. 278, 297; *Anderson* v. *Rome, W. & O. R. R. Co.,* 54 id. 334; *Johnston* v. *Thompson,* 23 Hun, 90.)

Neither was the ruling which permitted the plaintiff to prove the amount of Sweeney & Son's full indebtedness to the bank reversible error. I doubt whether it was material to the real issue between the parties, but if not it had no bearing whatever upon any issue between them. It could not be prejudicial at all to the defendant, and hence is no ground for reversing this judgment. I conclude that the judgment must be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.