## ARNOLD v. ROCKLAND LAKE TRAP ROCK CO.

(Supreme Court, Appellate Division, Second Department. January 10, 1908.)

1. EVIDENCE—EVIDENCE IN OTHER PROCEEDING—AUTHORITY AT TIME OF ADMISSION.

In a suit to restrain defendant from using "mud blasts" in its quarries, .it was error to put in evidence the testimony of defendant's president, given in a former action between different parties, as to the utility and economy of such blasts, since such statements were not made as agent of defendant, nor in regard to the present controversy.

2. APPEAL—ADMISSION OF IMPROPER EVIDENCE—CURED BY SUBSEQUENT EVIDENCE.

The error in admitting the evidence given by defendant's president on the trial of another action between other parties was not cured by the president subsequently being called to testify in the present case; his testimony relating to matters other than those testified to in the former case.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4171–4177.]

3. EVIDENCE—ADMISSIONS BY AGENT—AUTHORITY.

Declarations by an agent are only admissible against the principal when they are in reference to the matter under inquiry and were made during the continuance of the agency.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 887.]

Appeal from Special Term.

Bill for injunction by Cornelia M. Arnold against the Rockland Lake Trap Rock Company. From a decree in favor of plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Charles F. Brown (Harmon S. Graves, on the brief), for appellant.

Frank L. Young, for respondent.

WOODWARD, J. This action was tried at Special Term without a jury, and the justice presiding directed the entry of a decree restraining the defendant from using so-called "mud blasts" in its quarries at· any time, and adjudging such blasts constituted a nuisance. The judgment also awarded the plaintiff damages for injuries done the

plaintiff's house by reason of these "mud blasts." "Mud blasts" consist in placing sticks of dynamite on rock to be broken, covering it with earth, and exploding it. To make out her case the plaintiff read the testimony of one Wilson P. Foss, the president of the defendant, given in an action wherein one Arthur C. Tucker was plaintiff and the Mack Paving Company was defendant. Defendant's counsel objected to the reading of this testimony, but the objection was overruled, and the testimony given was read as admissions provable against the defendant. The testimony so read related to very material questions at issue in this case, and upon the strength of this testimony so read the trial court made findings 10, 11, and 12 of its decision, which read as follows:

"(10) That it is commercially possible for the defendant, and the defendant can conduct its said business at a profit, the shattering such rock fragments, if it abandon said 'mud blasts' and use instead thereof the 'block hole blasts,' an equally effective method to break up such rock fragments too large to be broken by hand sledges.

"(11) That the use of the 'mud blasts' by the defendant is not economical, and is used by the defendant to accomplish the immediate removal of the stone near noon or near night.

"(12) That with ordinary, proper, careful, and prudent operation of its quarry the house of the plaintiff need not be shaken or jarred in any way."

We think the trial court erred in permitting the plaintiff to read the testimony of Mr. Foss given in the Tucker action. The testimony in question was not given in an action in which the defendant was a party. He simply testified as a witness in a litigation between parties strangers to this action. His testimony so given cannot be used as an admission of the defendant, which the plaintiff had a right to prove as a part of her main case. Mr. Foss was the president of the defendant, but that fact does not give the plaintiff the right to make his declarations the declarations of the defendant. As the president of the defendant he was simply the agent of the defendant for certain limited purposes, and subject to all the rules governing declarations or admissions by agents. The general rule is that declarations by an agent are only admissible when they are part of the res gestæ which is the subject of the inquiry. They must be made, not only during the continuance of the agency, but in regard to a transaction pending at the very time. Anderson v. Rome, W. & O. R. R. Co., 54 N. Y. 334–340; First Nat. Bank v. Ocean Nat. Bank, 60 N. Y. 278, 19 Am. Rep. 181; Luby v. Hudson River R. R. Co., 17 N. Y. 131; White v. Miller, 71 N. Y. 118–134, 27 Am. Rep. 13; Campbell v. Emslie, 101 App. Div. 369, 91 N. Y. Supp. 1069, affirmed 184 N. Y. 589, 77 N. E. 1183; National Bank of Rondout v. Byrnes, 84 App. Div. 100, 82 N. Y. Supp. 497, affirmed 178 N. Y. 561, 70 N. E. 1103. In the last case cited it was held the declarations of the president of a bank, made long after a transaction had taken place, and not in the course of his official duties, were not admissible against the bank. When, therefore, the president of the defendant testified in the Tucker Case, he was performing no official duty for the defendant. He was transacting no business for it, and to permit his testimony given on a trial in no way concerning the defendant to be read on the trial of this action violated well-recognized rules of evidence and law. See, also, Taylor v. Commercial Bank, 174 N. Y. 181, 66 N. E. 726, 62 L. R. A. 783, 95 Am. St. Rep. 564.

The fact that the president, Mr. Foss, was subsequently called and testified as a witness for the defendant upon this trial did not, in our judgment, cure the error. His testimony given on this trial related to many matters different from those called forth in the Tucker Case. The plaintiff evidently relied on admissions made by the witness in the Tucker Case independent of any testimony given by him on this trial. Just to what extent his testimony influenced the trial court in reaching its final conclusion, perhaps, cannot be here determined; but it is sufficient to say that the testimony read from the Tucker Case was deemed of sufficient importance to predicate upon it certain findings of fact which went to support the final decree rendered. The illegal testimony admitted had such an important bearing on the final disposition of this case that we are not prepared to hold its admission harmless.

For these reasons, we are of the opinion the judgment should be reversed, and a new trial granted; costs to abide the final award of costs. All concur.