HAGAMAN MANUFACTURING CORPORATION, Respondent, *v.* ROUGH-WEAR CLOTHING Co., INC., Appellant. (Action No. 1.)

ROUGH-WEAR CLOTHING Co., INC., Appellant, *v.* HAGAMAN MANUFACTURING CORPORATION, Respondent. (Action No. 2.)

Third Department, May 19, 1954.

*Rose Greenberg* and *Bertram Boardman* for appellant.

*Lydon F. Maider* for respondent.

*Per Curiam.* Rough-Wear Clothing Co., Inc. (to be referred to herein as Rough-Wear), has appealed from two orders at the Fulton County Special Term of the Supreme Court, one of which denied its motion to dismiss the complaint of Hagaman Manufacturing Corporation (to be referred to herein as Hagaman) in the latter's above-entitled Fulton County action for a declaratory judgment. The other order granted Hagaman's motion for the consolidation of Rough-Wear's action, brought in New York County, with the Fulton County action.

In May, 1953, Hagaman and Rough-Wear contracted for the sale and purchase of a quantity of cowhides to conform to a sample lot furnished to and approved by Rough-Wear and to the buyer's color specifications. The goods were shipped between June 11, 1953, and July 31, 1953, received by the purchaser, and the purchase price paid. In mid-September Rough-Wear complained that the skins were defective and of inferior quality. There is some uncertainty as to what then transpired between the parties, but Hagaman alleges negotiations and an arrangement whereby the leather would be returned to it at its expense for sorting to identify substandard skins, if any, and for substitutions therefor, if necessary, and the return thereof to Rough-Wear at the latter's expense. At any rate, the goods were returned to and remain with Hagaman.

On September 23, 1953, Rough-Wear demanded repayment of the purchase price. Its moving papers set up a letter to it from Hagaman, dated October 12th, asking for shipping instructions of the cowhides. Hagaman's action was commenced by the issuance of a summons dated October 14th, served on October 15th, without a complaint. Rough-Wear then began its action for the recovery of the purchase price, alleging breach of warranty and rescission. Its summons and complaint were dated and verified, respectively, October 16, 1953, and served October 21st. On November 10th, Hagaman served a complaint, which prayed for a declaration that Rough-Wear had no right to rescind the sale and recover the purchase price and which asked for directions as to the disposition of the merchandise then in Hagaman's possession. With the complaint was served an answer in Rough-Wear's action, together with an order of the Fulton County Judge directing Rough-Wear to show cause at a Special Term on November 20, 1953, why its action should not be consolidated with Hagaman's action in Fulton County. The subsequent cross motion for the dismissal of the declaratory judgment complaint and the motion for consolidation were heard and submitted to the court on the above return day.

We are here primarily concerned with the propriety of the exercise by the court below of its discretion in entertaining the action for declaratory judgment in the attendant circumstances. Hagaman contends that, when it began its action, it had no other means of obtaining a judicial determination of the rights of the parties except at the time, place and convenience of Rough-Wear. It suggests that it acted diligently in bringing an action which would serve a practical purpose in quieting and stabilizing uncertain or disputed jural relations. As indicative of its quandary it declares that, in its business as a tanner, the holding of a substantial quantity of finished leather entails a monetary risk and that a solution of its problem would call for an interpretation of the law of sales of goods with consideration of the fact that a warranty might be deemed to survive acceptance in some cases and not in others.

Actions for declaratory judgments are permitted by section 473 of the Civil Practice Act. They are not available as a matter of right, but depend upon the exercise of the court's discretion. Rule 212 of the Rules of Civil Practice directs, " If, in the opinion of the court, the parties should be left to relief by existing forms of action, or for other reasons, it may decline to pronounce a declaratory judgment, stating the grounds on which its dis-

cretion is so exercised.'' Concededly, the availability of an existing form of action is not necessarily a basis for refusing to pronounce a declaratory judgment. '' A motion to dismiss the complaint in an action for declaratory judgment poses the question as to whether a proper case for invoking jurisdiction of the court to make a declaratory judgment is presented. * * * The court, if possible, should decide at the threshold of the action when the issue is raised, whether or not to assume jurisdiction.'' (*Latham & Co.* v. *Mayflower Inds.*, 278 App. Div. 90, 95.) Again we find, '' The use of a declaratory judgment, while discretionary with the court, is nevertheless dependent upon facts and circumstances rendering it useful and necessary. The discretion must be exercised judicially and with care.'' (*James* v. *Alderton Dock Yards*, 256 N. Y. 298, 305.)

Undoubtedly, and as suggested by the court below, if the action for damages had been instituted first, the action for a declaratory judgment would have been unavailing. (*Colson* v. *Pelgram*, 259 N. Y. 370.) It is to be noted that, in the latter case, the court commented on the desirability of a single action when all rights of the parties could be determined thereby and that, when separate actions between the same parties and concerning the same subject matter have been instituted in different courts of concurrent jurisdiction, the court first obtaining jurisdiction should continue to exercise it.

Yet it does not follow that a court is bound in every circumstance to entertain a declaratory judgment action in the face of a subsequently instituted action by the opposing party for '' relief by existing forms of action.'' Neither the statute, rule, nor, apparently, any reported case in this jurisdiction lays down such a requirement. Consideration must be given to the utility and necessity of a purely alternative remedy. '' Where there is no necessity for resorting to the declaratory judgment it should not be employed.'' (*James* v. *Alderton Dock Yards, supra*, p. 305.)

In the instant situation somewhat unique circumstances were disclosed. Both the purchase money and the merchandise were in the possession of Hagaman. Rough-Wear had demanded repayment. Logically, it could be assumed that Rough-Wear would not delay indefinitely in seeking relief when it understood that Hagaman did not intend to acquiesce in such demand. When the parties were before the court below, the only action at issue was the damage action brought by Rough-Wear. True, Hagaman had obtained priority by the service of its summons.

Thus the matter was " at the threshold of the action " when the issue was raised.

The circumstances were such as to justify disregarding the technical priority of the action for declaratory judgment, the nature of which had not been disclosed earlier than the joinder of issue. No substantial necessity existed for the continuance of the action for declaratory judgment. The orders should be reversed and the motion granted for the dismissal of the complaint in the Hagaman action, with $10 costs in each motion.

FOSTER, P. J., BERGAN, COON and IMRIE, JJ., concur.

Orders reversed, on the law and in the exercise of discretion, and motion granted dismissing the complaint in Action No. 1, with $10 costs in each.