Samuel Rabin, J.
Motion by two of the defendants for an order dismissing the first, second, third and fourth causes of action (a) for failure to state a cause of action and (b) because the court does not have jurisdiction of the subject of the action.
As her first cause of action plaintiff alleges that in August, 1937, Ella A. Ginnel executed and delivered a certain indenture of trust for the benefit of one Henry S. Ginnel, who is now deceased, and the defendant William S. Ginnel, hereinafter called William. Said trust agreement was amended by a further agreement in writing in November, 1938. The defendant Chase Manhattan Bank is the successor trustee. By the terms of the trust agreement certain income was to be paid to the settlor during her life and upon her death the principal of the trust was to be divided into two parts. The income from one of said parts was to be paid to the defendant William during his lifetime, and upon his death the fund created for his benefit was to be paid to his lineal descendants then surviving, and if he left no lawful descendants then surviving, to his widow, if any; if he left no descendants or widow, the principal was to be paid to his brother Henry S. Ginnel (for whom the other half of the trust was set up), if then living, and if dead to Henry’s lawful descendants. The moving defendants are sons of Henry S. Ginnel, deceased.
On September 9,1939 plaintiff married the defendant William in the State of New York. There is no issue of said marriage, and plaintiff further alleges that William has no lineal descendants and claims that she is, therefore, a contingent remainder-man under the aforesaid trust indenture as amended.
On January 26,1954 William was adjudged to be incompetent and the defendant Lockwood was appointed committee of his person and property.
Plaintiff further alleges that the moving defendants have asserted and still assert that she is not the lawful wife of William, and that she is not a contingent remainderman under the trust indenture. It is further alleged that the defendant Lockwood has refused to provide for plaintiff’s support out of the funds coming into his hands as committee of William.
As her second cause of action, plaintiff reiterates most of the pertinent allegations hereinbefore set forth, and in addition *758 alleges that in July, 1941, William, who then was and still is a resident of the county of Suffolk, State of New York, went to Nevada and commenced an action to obtain a divorce from the plaintiff herein; that plaintiff did not appear in said action and was not served with process within the State of Nevada; that William nevertheless procured a decree to be entered in Nevada purporting to divorce him from the plaintiff; that William did not remain in Nevada for more than two months, but returned to the State of New York either just before or just after the entry of said decree, and has since been and still is a resident of Suffolk County. Plaintiff avers that it is essential that a declaratory judgment be entered declaring her to be the lawful wife of William, and that the Nevada divorce is void.
As a third cause of action plaintiff further alleges that on July 2, 1941 when plaintiff and William were living separate and apart, they entered into a separation agreement; that in 1949 they became reconciled, and thereafter lived together as husband and wife, and that by mutual consent they terminated the aforesaid separation agreement. Plaintiff wants a decree declaring that the separation agreement has been terminated, and is of no further force or effect.
As a fourth cause of action plaintiff further alleges that on May 5,1954, she and William were married at William’s request in Suffolk County, New York, and that no court of competent jurisdiction has dissolved the said marriage. Plaintiff further alleges that at the time of said marriage William was and still is mentally competent to enter into said marriage, but that some of the defendants have asserted and claimed that said marriage was void by reason of the alleged lack of mental capacity of William.
While plaintiff has separately stated the above facts as four causes of action, she has not specifically stated what relief she wants under each, but has asked generally at the end of the complaint for the following relief: (1) a declaration that she is the lawful wife of William; (2) a declaration that the Nevada decree is invalid; (3) a declaration that she is entitled to receive from the defendant Lockwood as committee a reasonable amount to be determined in this action for her support; (4) a declaration that the separation agreement was terminated by mutual consent; (5) a declaration adjudging her rights as a contingent remainderman under the trust indenture and (6) for such other and further relief as may be proper.
It has been held that a motion to dismiss the complaint in an action for a declaratory judgment poses the question as to whether a proper case for invoking jurisdiction of the court *759 to make a declaratory judgment is presented, and that the court, if possible, should decide at the threshold of the action whether or not to assume jurisdiction. (Hagaman Mfg. Corp. v. Rough-Wear Clothing Co., 284 App. Div. 189.) It is within the inherent power of the court to grant appropriate affirmative relief in an action for declaratory judgment, rather than require the parties to institute another action. (Great Riv. Realty Corp. v. Rector, etc. of Emanuel Church, 284 App. Div. 977, affd. 308 N. Y. 973.)
While as heretofore noted plaintiff has not specifically indicated what relief is to be predicated on each of the four causes of action, it is apparent from the grouping of the allegations that the first cause of action is deemed a basis (a) for the entry of a declaratory judgment directing the committee to pay a suitable amount for her support and (b) for a declaration as to her status as contingent remainderman under the trust. The second cause of action appears to be the basis for a declaration as to the invalidity of the Nevada divorce and necessarily the continued persistence of the 1939 marriage. The third cause of action is the basis for a declaration as to the termination of the separation agreement. The fourth cause of action is the basis for a declaration as to the validity of the second marriage between the plaintiff and William, which took place in May, 1954 after he had been adjudged incompetent in January, 1954.
The eases are legion in which it has been held that marital status is a proper subject for a declaratory judgment. (Lowe v. Lowe, 265 N. Y. 197, 201; Baumann v. Baumann, 250 N. Y. 382; Long v. Long, 281 App. Div. 254; Impellizzeri v. Impellizzeri, 285 App. Div. 898; Rosenwald v. Rosenwald, 272 App. Div. 1027; Baker v. Baker, 284 App. Div. 684.)
Defendants argue, however, that the 1954 marriage is not void, but merely voidable from the time its nullity is declared by a court of competent jurisdiction (Domestic Relations Law, § 7); that no court of competent jurisdiction has dissolved said marriage; that the parties who may sue to annul the marriage are set forth in sections 1137 and 1138 of the Civil Practice Act, and that the plaintiff would have no right to commence an action to annul the marriage. The answer to this argument is that plaintiff does not seek to annul the marriage. It is apparent from the whole tenor of her complaint that she seeks to preserve her status as the wife of William, and does not want a decree of nullity. While plaintiff may not bring an action to annul the 1954 marriage, there is nothing in said sections which specifically prohibits her from bringing an action to affirm the validity of the said marriage.
*760 Defendants, however, argue further that to permit the plaintiff to obtain a declaration as to the validity of the 1954 marriage gives her an undue advantage over the defendants, in that while she could obtain a decree affirming the validity of the marriage, they would be unable to obtain a decree annulling the marriage, since they are not authorized to bring such an action.
Section 1138 of the Civil Practice Act empowers the court to permit the maintenance of an action to annul the marriage “ by any person as the next friend of the idiot or lunatic.” It is highly unlikely that defendants would be denied permission to bring such an action either as a counterclaim in this action or as a separate suit in view of their apparent interest in the subject matter.
It follows that the second, third and fourth causes of action are sufficient in law and justify the exercise of jurisdiction to grant a declaratory judgment. There remains, therefore, solely the problem presented by the first cause of action.
Insofar as the first cause of action seeks a declaratory judgment requiring the committee to make suitable payments for the support of the plaintiff, this relief could more appropriately be obtained by an application in the incompetency proceeding itself, where the accounts of the committee showing the assets and income of the incompetent are all before the court.
Insofar as the first cause of action seeks a declaration as to plaintiff’s status as a contingent remainderman, while William at the present time has no lineal descendants, he may at some future time have lineal descendants. Moreover, plaintiff may not survive William, and in any event, such a declaration would appear to be unnecessary if plaintiff’s status as William’s wife is adjudged in any of the other causes of action. If plaintiff is successful in having her status as wife declared, she will automatically succeed to the title of widow, if she survives William. If she does not survive him, she does not have any rights under the trust anyhow. Under these circumstances, it would appear to be unnecessary to declare her status as a contingent remainderman. The first cause of action is, therefore, insufficient.
Accordingly, defendants’ motion is granted only as to the first cause of action, without prejudice, however, to plaintiff’s right to apply in the incompetency proceeding for suitable support; defendants’ motion is in all other respects denied.
Settle order.