■ CARMEN B. GINNEL, Respondent, v. CHARLES C. LOCKWOOD, as Committee of the Person and Property of WILLIAM S. GINNEL, an Incompetent Person, et al, Defendants, and FRANK GINNEL et al., Appellants.— In an action for a judgment declaring (1) a Nevada decree of divorce to be invalid and (2) the rights of certain of the parties in relation to a certain trust indenture, and for other relief, the appeal is from so much of an order as denies appellants' motion, pursuant to subdivisions 1 and 4 of rule 106 of the Rules of Civil Practice, to dismiss the second, third and fourth causes of action alleged in the complaint. Order, insofar as appealed from, affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ., concur. [3 Misc 2d 756.]

■ BELLE HIRSCH, Appellant, v. HARRY BADLER et al., Respondents, et al., Defendant.— In an action to foreclose a mortgage on real property, the appeal is from a judgment entered after trial before an Official Referee, dismissing the complaint. Judgment reversed on the law and the facts, without costs, and judgment of foreclosure and sale granted as demanded in the complaint. Findings of fact insofar as they may be inconsistent herewith are reversed and new findings are made as indicated herein. While the declarations of an alleged agent are not competent to prove the agency as against the alleged principal, the principal may prove the agency by the testimony of his agent. (*Steuerwald* v. *Jackson,* 123 App. Div. 569.) Although the testimony of the plaintiff's husband was erroneously excluded, the record establishes that there was an affirmative act, in exercise of the option to declare the principal mortgage indebtedness due, when plaintiff's attorney wrote a letter to that effect, notwithstanding that delivery of the letter was refused by the mortgagors. The option had been exercised prior to the time that the mortgagors offered to cure the default in payment of interest. (Cf. *Albertina Realty Co.* v. *Rosbro Realty Corp.,* 258 N. Y. 472; *Cresco Realty Co.* v. *Clark,* 128 App. Div. 144.) No valid tender was made. (Civ. Prac. Act, § 174-a.) Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ In the Matter of the Accounting of CATHERINE T. BRADY, as Administratrix of the Estate of SIMEON BRADY, JR., Deceased, Respondent. ROSE TONG, Appellant.— Appeal from a decree of the Surrogate's Court, Putnam County, judicially settling an intermediate account of the administratrix and disallowing appellant's claim against the estate. Decree reversed and a new trial granted, with costs to abide the event. The record does not substantiate the learned Surrogate's determination that none of the items of appellant's claim is meritorious. In this respect we conclude that the determination is against the weight of the evidence. On the new trial, while not mandatory, it would be of material assistance on any subsequent appeal if the learned Surrogate would make findings of fact as to each item asserted by appellant in her claim so that such findings could be incorporated in the record. Nolan, P. J., Murphy, Ughetta and Kleinfeld, JJ., concur; Beldock, J., not voting.