ITHACA TEXTILES, INC., Appellant, *v.* WAVERLY LINGERIE SALES COMPANY, Respondent.

Third Department, November 23, 1965.

*Bryant & Mazza* (*Davies, Hardy & Schenck*; *John W. Burke* and *Bernard M. Althoff* of counsel), for appellant.

*S. S. Goldsmith* for respondent.

TAYLOR, J. Ithaca Textiles, Inc., a lingerie and sleepwear manufacturer, constituted Waverly Lingerie Sales Company as its exclusive sales agent by written agreement dated March 10, 1961. The instrument provided that Ithaca would pay to Waverly " a commission on all merchandise sold * * * at the rate of 6% of the net sales price." By amended complaint verified October 10, 1963 Waverly prosecuted an action against

Ithaca alleging that the latter "ha[d] breached" the agreement and demanding net "compensation on the said sales" for the period between March 10, 1961 and August 31, 1963 totaling $101,964.34. In October, 1964 a jury verdict of $51,782 was rendered in favor of Waverly. Upon appeal the judgment entered thereon was affirmed (24 A D 2d 556).

Confronted, as it believed, with a further suit by Waverly for damages allegedly accruing subsequent to August 31, 1963 — the contract term was to run at least until February 27, 1966 — Ithaca commenced an action in the Supreme Court, Tompkins County, essentially seeking a declaration that the doctrine of *res judicata* and the rule against splitting causes of action barred the second action for the alleged breach of contract. Four days later Waverly commenced the anticipated action for damages which is pending in New York County.

Finding that the documentary evidence established a defense to the action seeking declaratory relief (CPLR 3211, subd. [a], par. 1) Special Term granted Waverly's motion to dismiss the complaint. From the judgment entered thereon Ithaca appeals. Waverly had also moved for a dismissal on the ground that the complaint did not state facts sufficient to constitute a cause of action (CPLR 3211, subd. [a], par. 7) and alternatively that the court, in the exercise of its discretion, should decline to entertain jurisdiction of the action (CPLR 3001).

The rule is clear that a declaratory judgment action should not be entertained if another action between the same parties raising the same issues was actually pending at the time of its commencement. (*Reynolds Metals Co.* v. *Speciner,* 6 A D 2d 863, mot. for rearg. den. 6 A D 2d 1006; *Nationwide Mut. Ins. Co.* v. *Dennis,* 14 A D 2d 188, mot. for lv. to app. den. 10 N Y 2d 708; *Colson* v. *Pelgram,* 259 N. Y. 370; *Woollard* v. *Schaffer Stores Co.,* 272 N. Y. 304, 311.) We have said, however, that chronology is not the sole test to be applied in resolving the question whether an action for a declaratory judgment should be entertained. (*Hagaman Mfg. Corp.* v. *Rough-Wear Clothing Co.,* 284 App. Div. 189.) "Consideration must be given to the utility and necessity of a purely alternative remedy." (*Hagaman, supra,* p. 192; see, also, *Stoll* v. *Jacobs,* 64 N. Y. S. 2d 114; *Klashman* v. *Schroff Constr. Co.,* 83 N. Y. S. 2d 28; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3001.09a.)

The issues in the declaratory judgment action are the proper subjects of separate defenses in the undetermined suit which, as thus constituted, will, when tried, dispose of all the questions involved in both. In our judgment the legal efficacy of available

defenses should not be predetermined on the record of a prior trial. Special Term therefore should have declined to entertain jurisdiction of the declaratory judgment action. It may be that appellant, if so advised, should seek an amendment of its answer to allege the separate defenses. We, of course, do not pass on the merits of the respective claims of the parties.

The judgment should be modified, on the law and the facts and in the exercise of discretion, so as to dismiss the complaint on the ground that the action should not have been entertained, and as so modified, affirmed.

GIBSON, P. J., REYNOLDS, AULISI and HAMM, JJ., concur.

Judgment modified, on the law and the facts and in the exercise of discretion, so as to dismiss the complaint on the ground that the action should not have been entertained, and, as so modified, affirmed, with costs.