OPINION OF THE COURT
Myriam J. Altman, J.
At the close of the plaintiff’s case, the second cause of action herein was dismissed.
*567 On the first cause of action, for insurance premiums, the following testimony was adduced at trial:
An employee familiar with the record keeping of the plaintiff insurance company testified that pursuant to an application received from Coverall Brokerage Co., the insurer issued a policy of automobile liability insurance to Parimal Trivedi, doing business as Light of Asia. The application contained the defendant Trivedi’s name, a Queens address, an automobile registration number for a 1971 Ford Torino sedan and a driver’s license number. When no payment was received, the policy was canceled on May 20, 1976 and the plaintiff seeks earned premiums to that date from the defendant Parimal Trivedi. I find that the sum sought is reasonable.
Claude Ballin, the president of Coverall Brokerage Co., Inc., then testified that on November 6, 1975 he met with Parimal Trivedi at 1170 Broadway in Manhattan and the defendant informed him that he wished to order a policy of automobile liability insurance. The broker was given the information he requested for the application, which was filled out by the broker. The defendant never signed anything. The broker forwarded the insurance application to plaintiff, which, in dúe course, issued a policy and forwarded it to the broker. The broker testified that his office mailed the policy, together with an invoice for premium payments, to the defendant. After a few months, when defendant failed to pay any premiums, the broker notified the plaintiff and plaintiff canceled the policy.
Trivedi testified that he never met the broker and had not ordered an insurance policy from him. He admits that he lived at the Queens address during the period in question and that he had a driver’s license at the time, although he did not know his driver’s license number. He further testified that he never did business as Light of Asia. Although he stated that he had never owned a car, he admitted that during the time in question he did drive a 1971 Ford Torino sedan which was owned by Trivedis International, and that he only used the car for business in his capacity as the corporation’s operations manager.
Upon the trial, an issue arose as to whether the insurance broker was competent to testify about his transactions with the insured in view of the fact that, for purposes of procuring insurance, a broker is the agent of the insured (29 NY Jur, Insurance, § 382; 16 Appleman, Insurance Law and Practice, § 8722) and declarations of an agent are inadmissible at the *568 trial to prove the agency and thus bind the principal (Lillibridge, Inc. v Johnson Bronze Co., 220 App Div 573, affd 247 NY 548).
The rule regarding the admissibility of declarations of an agent is a component of the rule against hearsay. Generally speaking, hearsay evidence is inadmissible because the declarant is unavailable for cross-examination. Exceptions to the rule arise under certain circumstances in which the out-of-court statements were made under conditions which render them of probable reliability. An out-of-court declaration of an agent that he is in fact an agent is not of such probable reliability. Quite to the contrary, an individual might well be motivated to claim that he is acting as an agent for a principal in order to avoid liability for his own acts or conduct.
However, in this case, it is not the declaration of an agent which is being offered to prove the agency, but the testimony of an agent. Confusion arises because the rule regarding the declarations of an agent is frequently misstated to the effect that an agency cannot be proven through the agent. If this were so, then the issue would be one of the competency of the agent as a witness and not one of hearsay.
The case of Hirsch v Badler (3 AD2d 921) appears to give some credence to the proposition that an agent may not be a competent witness when called by a plaintiff to prove the agency as against the principal. There the court stated: "While the declarations of an alleged agent are not competent to prove the agency as against the alleged principal, the principal may prove the agency by the testimony of his agent. (Steuerwald v. Jackson, 123 App. Div. 659).”
In Hirsch, the court seemed to hold that the testimonial competency of the agent to testify as to the agency is dependent upon whether he is called by the principal or by the party seeking to establish the agency against the principal. While Steuerwald v Jackson (supra), cited by the Hirsch court, and its predecessor case, Brown v Cone (80 App Div 413), were cases in which the principal placed the agent on the stand and established the agency through that agent, the holdings of those cases are that an agency can be proved by the testimony of an agent and that it is only the out-of-court declarations of an agent as to his agency which are not admissible to prove the agency.
That the testimonial capacity of an agent is not dependent upon whether he is called to the stand by the alleged principal *569 or by the party seeking to recover against that principal is borne out by the cases of Grand Allen Holding Corp. v M & S Circuit (236 App Div 2) and Brown v Ingersoll (226 NYS2d 479). In each of those cases, the defendant objected to plaintiffs calling the alleged agent of the defendant to the stand to testify to the fact of his agency. The testimony was allowed on the ground that an agent is always competent to testify as to the facts touching upon the agency although his out-of-court declarations would not be admissible to establish the agency. (See, also, Kelly v Utica Fire Ins. Co., 203 App Div 335).
Dean Wigmore succinctly sums up the rule as follows: "[N]othing prevents the alleged agent from testifying upon the stand to the fact of his agency; for here his testimony is not offered as an admission.” (IV Wigmore, Evidence [Chadbourn Revision], § 1078, pp 178, 179.)
There is no reason to treat the testimony of an agent in a different fashion than the testimony of any other witness to a transaction is treated. Any infirmity which might have attached to the agent’s competency as a witness was obliterated with the abolition of the common-law rule that a party to a suit, or one with a pecuniary interest in the event, may not be a witness. (See CPLR 4512; Richardson, Evidence [Prince 10th ed], § 386.) An agent is to be treated as any other witness. He is subject to cross-examination and liable for perjury if his testimony is a fabrication.
Accordingly, the broker in this case was competent to testify as to his dealings with the defendant regarding the procurement of the subject insurance policy.
The issue then becomes one of credibility of the witnesses. I find that the broker’s testimony was entirely credible and that plaintiff has met its burden of proof by a preponderance of the credible evidence. Plaintiff is therefore awarded judgment in the sum of $247 against the defendant, Parimal Trivedi, together with interest, costs and disbursements.