■ In the Matter of WAYNE DOYLE, Appellant, v BOARD OF EDUCATION OF THE 'TEN BROECK ACADEMY, et al., Respondents.—Judgment reversed, with costs, and petition granted. Memorandum: Petitioner, a tenured teacher, appeals from a judgment which dismissed his CPLR article 78 petition seeking expunction from his personnel file of a letter written to him by the school principal, copies of which were sent to the chief school officer and to the president of the board of education. The letter stated that petitioner repeatedly had been absent from his assigned classroom and from his assigned study hall, and that despite a warning from the principal about such conduct, petitioner thereafter was again absent from his assigned duties on several occasions. In unequivocally alleging serious misconduct quite unrelated to petitioner's teaching ability, the letter is more a statement of charges than it is an evaluation report (but see Holt v Board of Educ., 74 AD2d 839). It may not be said that a teacher has not been disciplined when such a letter is made part of his permanent record. If findings of such misconduct are to be included in a tenured teacher's personnel. file, section 3020-a of the Education Law provides the vehicle by which appropriate charges may be brought and proved. Indeed, if a tenured teacher is acquitted after a hearing pursuant to that section, the charges against him must be expunged from his record (Education Law, § 3020-a, subd 4). Accordingly, absent such a hearing, the letter here should be expunged from petitioner's personnel file. All concur, except Cardamone and Witmer, JJ., who dissent and vote to affirm the judgment in the following memorandum.

Cardamone and Witmer, JJ. (dissenting). In our view the letter which petitioner seeks to have expunged from his record is neither an evaluation report nor a statement of charges. It is a letter criticizing petitioner's absence from his assigned duties. In the opinion of those whose duty it is to administer the Franklinville Central School District, petitioner's conduct was not serious enough to warrant charges and so none were made. To permit a critical comment of a tenured teacher to be the subject of a CPLR article 78 proceeding to determine in each case whether the comment constitutes a charge in the opinion of Special Term will involve the courts in judicial tinkering detrimental to the educational system of this State. We believe, as does the Second Department (Holt v Board of Educ., 74 AD2d 839), that this is inappropriate. In the event that some attempt is made later to use those written comments against petitioner, such charge would have to be made within the time requirements of subdivision 1 of section 3020-a of the Education Law. In such case, petitioner would then be entitled to be heard. We believe the statutory scheme set forth in section 3020-a adequately protects petitioner's due process rights. We therefore dissent and vote to affirm. (Appeal from judgment of Cattaraugus Supreme Court—art 78.) Present—Dillon, P. J., Cardamone, Schnepp, Doerr and Witmer, JJ.