■ FRANKIE M. FLORENCE et al., Appellants, v HENRY KRASUCKI et al., Respondents.—Order unanimously affirmed, without costs. Memorandum: This is an appeal from an order pursuant to CPLR 3211 dismissing plaintiffs' action for declaratory and injunctive relief arising from an incident on October 20, 1978 when defendant Freer and defendants State troopers evicted plaintiffs, migrant farm workers, from the dwellings provided for them as a part of their compensation as apple pickers at defendant Freer Fruit Farms, Inc. Plaintiffs request a decree declaring that the eviction, which allegedly was not preceded by notice and hearing, violated their rights under article 7 of Real Property Actions and Proceedings Law and under the New York State Constitution. They further request a permanent injunction prohibiting defendants from removing or threatening to remove plaintiffs from their residences. An action in United States District Court, previously commenced by plaintiffs against the same defendants, is pending. Special Term did not abuse its discretion in dismissing the complaint (see CPLR 3001; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3001.07). Plaintiffs do not dispute that they no longer reside on the premises in question and do not claim that they will or might do so in the future; thus, neither declaratory nor injunctive relief would have an "immediate and practical effect of influencing [the] conduct" of the parties *(New York Public Interest Research Group v Carey,* 42 NY2d 527, 531; see 3 Weinstein-Korn-Miller, NY Civ Prac, par 3001.09b) and any decree would be advisory only. Moreover, plaintiffs' pending action in Federal court for money damages against the same defendants will determine essentially the same issues as those raised in the instant action (see *Ithaca Textiles v Waverly Lingerie Sales Co.,* 24 AD2d 133, 134, affd 18 NY2d 885; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3001.09a). Dismissal of the instant complaint also avoids possible contradictory judicial determinations (see *Prashker v United States Guar. Co.,* 1 NY2d 584, 591) and increased litigation (see *Smith v Western Union Tel. Co.,* 276 App Div 210, 213, affd 302 NY 683; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3001.09d). We do not reach the other issues raised on appeal. (Appeal from order of Wayne Supreme Court—injunction.) Present— Simons, J. P., Hancock, Jr., Schnepp, Doerr and Moule, JJ.

■ In the Matter of MICHELE GORDON et al., Respondents v BOARD OF EDUCATION OF THE ADDISON CENTRAL SCHOOL DISTRICT et al., Appellants.— Judgment affirmed, without costs. All concur, Cardamone, J. P., Witmer and Moule, JJ., upon constraint of *Matter of Doyle v Board of Educ.* (77 AD2d 799). (Appeal from judgment of Steuben Supreme Court—art 78.) Present— Cardamone, J. P., Schnepp, Callahan, Witmer and Moule, JJ.