■ CHRISTIAN KROPAC et al., Respondents, v LONG ISLAND TRUST COMPANY, Sued Herein as LONG ISLAND TRUST CO., INC., Appellant. — In an action for a declaratory judgment that defendant has no interest or rights against plaintiffs as guarantors of two corporate notes, defendant appeals from so much of an order of the Supreme Court, Suffolk County (McCarthy, J.), dated April 22, 1981, as denied its cross motion to dismiss the complaint. Order reversed, insofar as appealed from, on the law, without costs or disbursements, and cross motion to dismiss the complaint granted. Special Term was correct in treating defendant's cross motion to dismiss the complaint as a CPLR 3211 (subd [a], par 7) motion to dismiss for failure to state a cause of action. There was no abuse of discretion in sustaining the complaint in the face of a motion addressed to its legal sufficiency. The real issue in the case, however, is whether the complaint should be dismissed because there existed other actions actually pending between these same parties at the time of the commencement of the instant action, in which all issues could be determined (*Ithaca Textiles v Waverly Lingerie Sales Co.*, 24 AD2d 133, affd 18 NY2d 885). "Although dismissal upon that specific ground (CPLR 3211, subd [a], par 4) was not sought by defendant at Special Term, it has been raised by defendant and argued in the briefs on this appeal and in the interests of judicial economy we consider it now" (*Arce v Sybron Corp.*, 82 AD2d 308, 311). It is clear that all the issues sought to be raised in the declaratory judgment action may be raised as defenses to the pending actions commenced by defendant herein to enforce the note guarantees and to foreclose on a mortgage which secured payments on the notes (see *Ithaca Textiles v Waverly Lingerie Sales Co.*, 24 AD2d 133, 134-135, *supra*). Damiani, J. P., Titone, Gibbons and Bracken, JJ., concur.